J. C. WITHROW v. A. V. BIGGERSTAFF,

*Ejectment—Evidence of Fraud.*

In ejectment, where both parties claim under A, the defendant alleged that the deed to plaintiff (prior to the one to him) was fraudulent as to subsequent purchasers, and introduced testimony bearing upon the question of fraud, and then offered a deed in evidence from said A to his wife, conveying the same land; *Held*, that the latter deed was irrelevant and therefore incompetent evidence. That A made a fraudulent deed to his wife is no proof that his deed to the plaintiff is fraudulent.

(*Brink* v. *Black*, 77 N. C., 59; *Holmesly* v, *Hogue*, 2 Jones, 391, cited and approved.)

EJECTMENT tried at Spring Term, 1882, of RUTHERFORD Superior Court, before *Gudger, J.*

Both parties claim title under Jason H. Withrow.

The plaintiff offered in evidence a deed from said Jason to himself, dated June 15, 1882, for one half interest in the land in dispute, which was admitted to probate on the 24th of September, 1877.

For the purpose of estopping the defendant, and for no other purpose, the plaintiff offered in evidence a deed from said Jason and wife to the defendant, dated December 7, 1872, for the same land, which was admitted to probate on the day of its date, and registered on the 5th of August, 1879.

The defendant alleged that the plaintiff's deed was fraudulent as to subsequent purchasers for value and without notice.

It was in proof that plaintiff went to Texas in a few days after Jason H. Withrow made the deed to him, and remained absent several years.

There was much evidence on the question of fraud. Defendant testified that he bought the land from said Jason for $900 and paid the same; that it was a fair price, and he had no notice whatever of plaintiff's deed or of his claim of title to the land, until suit brought, and that said Jason remained in possession until he sold to him, and then delivered possession to him.

And after offering other evidence to show that Jason remained in possession after his conveyance to plaintiff, as relevant to and bearing upon the question of fraud, the defendant proposed to offer in evidence a deed from Jason to his wife, Louisa Withrow, for the same land, dated August 10, 1871, and probated and registered on the following day. The objection of plaintiff was overruled and the deed admitted, and plaintiff excepted.

Verdict for defendant, judgment, appeal by plaintiff.

*Messrs. Hoke & Hoke*, for plaintiff.
*Mr. W. S. Mason*, for defendant.

ASHE, J.   The only exception taken by the plaintiff on the trial was to the admission in evidence of the deed from Jason H. Withrow to his wife, and that presents the only question for our determination.

12

Our opinion is the deed was improperly admitted. It was irrelevant testimony and should have been excluded upon the principle of *res inter alios actæ.* His Honor was probably controlled in his ruling by the decision in *Brink* v. *Black,* 77 N. C., 59, but that case cannot be relied upon as authority for the ruling in this case. That decision was an exception to the rule of *res inter alios actæ* and was predicated upon the fact that the transactions were of the *same character* and between the *same parties.* There, one Van Amringe being indebted to the plaintiff and others gave to the plaintiff a mortgage on the brick-kiln in 1872, and was permitted to remain in possession of the kiln, sell the brick, and render no account of the sales ; and then in 1873, when he made to the same person another mortgage on another kiln to secure a larger amount of indebtedness than he owed in 1872, this last mortgage was alleged to be fraudulent. The first mortgage was admitted in evidence, the court holding that the fact that Van Amringe was permitted to remain in possession of the property conveyed under the mortgage of 1872, being of the same character, and dealing with it and treating it as his own, was not only some evidence, but very strong evidence of an intention that the kiln of 1873 was to go in the same way as the kiln of 1872, for the enjoyment of Van Amringe in spite of his creditors.

In *Homesly* v. *Hogue,* 2 Jones, 391, it was held that it was not competent for a creditor to establish the fraud in question, by showing that the debtor had made a fraudulent transfer of other property to another person—Chief Justice NASH saying, " that A has made an usurious contract with B, is no proof that his contract with C is usurious. Such evidence is irrelevant and mischievous, having a direct tendency to mislead the jury." Taylor on Ev., 366, 368.

Error.                                            *Venire de novo.*