B. B. WINBORNE v. H. T. LASSITER and others.

*Fraud and fraudulent conveyances, evidence in.*

Fraud alleged in the execution of a deed cannot be proved by evidence of fraud in one subsequently made, unless it be established by proof that the two transactions are parts of a concerted purpose to defraud, or that the latter is connected with, or in furtherance of the objects of the former.

(*State* v. *Vinson*, 63 N. C., 335; *State* v. *Shuford*, 69 N. C., 486; *Withrow* v. *Biggerstaff*, 87 N. C., 176, cited and approved).

EJECTMENT tried at Spring Term, 1882, of HERTFORD Superior Court, before *McKoy, J.*

Verdict and judgment for plaintiff, appeal by defendants.

*Mr. R. B. Peebles*, for plaintiff.

*Messrs. W. S. Bryan, D. A. Barnes* and *Pruden & Shaw*, for defendants.

MERRIMON, J. The record in this action shows that the defendant H. T. Lassiter was the owner of the land described

in the pleadings, and that both the plaintiff and the defendants Whedbee & Dickerson claim to derive title to the same from him.

The plaintiff so claims by virtue of a deed executed to him by the sheriff of Hertford county, in pursuance of a sale made by him on the 7th day of July, 1879, under executions duly issued to him, in favor of sundry creditors, and against the defendants H. T. Lassiter & Son.

The defendants Whedbee & Dickerson so claim by virtue of a mortgage deed executed to them by the defendant H. T. Lassiter and his wife, on the 25th day of September, 1878, and registered November 15th, 1878, to secure the payment of debts due to them from H. T. Lassiter & Son, the said H. T. Lassiter being the defendant of that name.

The plaintiff denied the validity of the said mortgage deed, on the ground that it was fraudulent and void, as to the creditors of said H. T. Lassiter & Son. It was admitted, however, that the debt mentioned in this mortgage was *bona fide*.

At the trial, the court submitted to the jury issues as to the fraudulent character of the mortgage.

The plaintiff introduced testimony tending to prove that the mortgage was fraudulent. A part of this testimony consisted of divers letters relating to the mortgage, but these letters are not set out in the record, nor does it appear what they contained.

In further support of the allegation of fraud in the mortgage, the plaintiff offered in evidence a deed of trust, dated the 27th of November, 1878, whereby the said H. T. Lassiter & Son conveyed to the defendants Whedbee & Dickerson; trustees, all their assets in trust to secure, first, an alleged debt of $12,000 due to them; secondly, a debt of $2,000 due to James Cary & Co.; and thirdly, all their other creditors equally; and, also, divers letters between Whedbee & Dickerson and H. T. Lassiter & Son, tending, as the case states, to prove that this deed of trust was intended to hinder and delay the creditors of H. T. Lassiter & Son. These letters are not set out in the record, nor does it appear what they contained. It was admitted by the defendants,

that $6,000 of the $12,000 debt mentioned in the deed of trust, was the same debt mentioned in the mortgage.

The defendants objected to the introduction of this deed of trust and the letters relating to the same, because the whole was subsequent to the execution of the mortgage deed in question, conveying entirely different property to secure, in part, another debt, and was made to Whedbee & Dickerson as trustees; and insisted that this deed and the letters were not evidence to show the purposes, intent and character of the mortgage of the 25th of September, 1878, which was made, as was admitted, to secure a *bona fide* debt. The court admitted the deed of trust and letters in evidence, and the defendants excepted.

The summary of the evidence given on the trial to support the allegation of fraud, as to the mortgage, is for the most part very general in its terms, meagre and unsatisfactory. It appears that there was evidence other than that sent up, but what it was, and especially what the letters mentioned contained, we have no means of knowing. Neither the mortgage deed nor the deed of trust appears in the record. It is possible that such a state of facts appeared, as rendered the deed of trust and the letters in relation thereto admissible; but we must be governed only by the record as it comes to us.

In our judgment, the exception mentioned above must be sustained, upon the ground that no such relation was shown between the alleged fraudulent deed of trust and the mortgage, as rendered the former evidence to support the allegation of fraud in the latter.

A fraudulent transaction, subsequent to, separate and distinct from, a former one between the same parties, is not of itself evidence to prove the latter. That one made a fraudulent deed, taken *per se*, no more proves that he made another deed similar in character, than the commission of a crime by one party proves that he committed another, or others of like character on different occasions. That a person, who has committed a crime or perpetrated a deliberate fraud, is capable of committing other

like crimes and frauds, one might well suspect; but such suspicion is not evidence. It could not justly and reasonably aid the jury in reaching a fair conclusion upon the issue submitted to them. It would only tend to mislead and confuse them.

In the case before us, the mortgage may be fraudulent and void, while the deed of trust may be honest and valid, or both may be fraudulent; but taken *per se*, how, in the eye of the law, can the fraud in the one prove it in the other? It may create a suspicion, but not evidence. There must exist such facts and circumstances as reasonably point to a corrupt relation between the two transactions. *Edwards* v. *Warren*, 35 Conn., 517; *Somes* v. *Skinner*, 16 Mass., 360; *Stevens* v. *Van Cleve*, 4 Wash., C. C. N., 262; *Matton* v. *Nesbit*, 1 Car. & P., 70; *State* v. *Vinson*, 63 N. C., 335; *State* v. *Shuford*, 69 N. C., 486; *Withrow* v. *Biggerstaff*, 87 N. C., 176.

There is, however, a class of cases wherein similar frauds and fraudulent transactions done at or about the same time, or where the same motive to perpetrate fraud may reasonably be supposed to exist, as the one in question, are admissible to show the *quo animo;* but this is allowed only when there is a conspiracy or a concerted purpose to commit fraud. 3 Wait Act. & Def., 447; *Edwards* v. *Warren, supra.*

To render a subsequent fraudulent deed admissible as evidence to prove a former one fraudulent, some corrupt relation must be shown to exist between the two, as that they are both parts of a concerted purpose to defraud creditors, or the subsequent one is in some way connected with, or in furtherance of the prior one. To show this, there must be evidence pertinent, relative, that tends reasonably to show such connection between the two fraudulent deeds. The evidence to prove such relation may consist of positive, direct testimony, or it may consist of a multitude of facts and circumstances combined, from which it may be inferred.

In this case, the mortgage in question was made by the defendant H. T. Lassiter and his wife, to the defendants Whedbee & Dickerson, and embraced the land mentioned in the plead-

ings. It is admitted that the debt, intended to be secured by it, was *bona fide*. The deed of trust was made by H. T. Lassiter & Son, and conveys only their assets to the defendants Whedbee & Dickerson, as trustees, to secure, first, a debt due to themselves; secondly, a debt due to James Cary & Co.; and thirdly, all the other creditors of the trustors. There are material parties to the deed of trust, not parties to, or in any way connected with the mortgage. The mortgage deed embraces only land, the property of H. T. Lassiter.

Now, so far as this court can see, the deed of trust, whether *bona fide* or fraudulent, has no connection with, but is entirely separate and distinct from the mortgage; nor have the transactions, in respect to the mortgage, any relation to or connection with those of the deed of trust. Then, treating the deed of trust, for the purposes of the argument, as fraudulent, it cannot be evidence to show the fraudulent character of the mortgage. There is no evidence appearing in the record to show that the deed of trust was part of a corrupt purpose in the making of the mortgage, or in furtherance of the same.

It was admitted by the defendants that the mortgage debt was secured by the deed of trust. This is a slight circumstance, and of itself does not establish a connection between the two alleged fraudulent transactions. The mortgagees might well desire to increase the security for their debt. The time of the execution of the deed of trust is, under the circumstances of the case, a slight fact.

We do not say that the deed of trust, if fraudulent, could not in any case be evidence for the plaintiff, to show the fraudulent character of the mortgage; but what we say is, that it must first be show by proper evidence, that in some way it had connection with the supposed fraudulent mortgage, as part of the same fraud, or in aid or furtherance of it.

What weight the admission of the evidence objected to had upon the minds of the jury, it is impossible to determine. The plaintiff supposed it would have some weight, and therefore

introduced it. The presumption is, it did in some measure influence the action of the jury. It was, in our judgment, erroneously received, and the exception must therefore be sustained.

There are other exceptions, but as the one we have considered entitles the defendants to a new trial, we need not consider them.

There is error. The defendants are entitled to a new trial, and it is so ordered. Let this be certified.

Error.                                        *Venire de novo.*