HENRY W. EDWARDS *vs.* FRANCIS WARNER.

The cases where, for the purpose of proving a particular fraud, evidence of other similar fraudulent transactions is admissible, are confined to cases of a conspiracy to commit fraud.

The object of such evidence is to show—1st, the fact of a conspiracy of the defendant with others to commit frauds similar to the particular fraud charged, and, 2d, as an inference, that the particular fraud charged was a part of the same conspiracy.

Evidence that the defendant has been guilty of other like frauds is never admissible for the purpose of showing his bad character and the greater probability on that account of his having committed the particular fraud charged.

BILL IN EQUITY for a discovery, and to compel the respondent to account for and pay over to the petitioner the avails of certain real estate claimed to have been obtained from him by fraud ; brought to the Superior Court in New Haven county. The respondent remonstrated against the acceptance of the report of a committee by whom the facts were found, on the ground of the admission of improper evidence. The court (*Phelps J.*) overruled the remonstrance and passed a decree in favor of the petitioner. The respondent thereupon filed a

motion in error and brought the record before this court for revision. The case will be sufficiently understood from the opinion.

C. *Ives* and *Doolittle*, with whom was *Alling*, for the plaintiff in error, cited *Townsend* v. *Graves*, 3 Paige, 453; *Staples* v. *Smith*, 48 Maine, 470 ; *Cohn* v. *Mulford*, 15 Cal., 50 ; *Hutchinson* v. *Hosmer*, 2 Conn., 341.

*Baldwin*, for the defendant in error, cited *Gardner* v. *Preston*, 2 Day, 208, 210 ; *Hoxie* v. *Home Insurance Co.*, 32 Conn., 21 ; *Benham* v. *Cary*, 11 Wend., 83.

HINMAN, C. J. The case made by the bill presents a strong ground for equitable relief, and if the facts stated in the report of the committee, together with those found by the court, had been proved without the introduction of improper evidence, we should not hesitate to allow the decree in the petitioner's favor to stand. And as there are many undisputed and uncontroverted facts all pointing to a result such as the committee and the court came to on the main question in the case, the fraud of the respondent, we regret that the rules of evidence compel us to reverse the decision. The committee allowed the petitioner, against the objection of the respondent, for the purpose of further showing the fraud charged in the bill, to prove other independent fraudulent and unconscionable transactions on the part of the respondent with other persons not parties to the suit, and some of them three or four years prior to the frauds charged in the bill. This was clearly wrong. It was done, no doubt, upon a mistaken impression as to the scope and effect of the decision in the late case of *Hoxie* v. *The Home Insurance Co.*, 32 Conn., 21. The marginal abstract of that decision does countenance the idea that such evidence is admissible in cases of fraud, as it states that upon questions of knowledge, good faith or intent any other transactions from which an inference respecting the *quo animo* may be drawn are admissible. This proposition, it is true, is taken from the remarks of

the learned judge who gave the opinion in that case. But they had reference to the facts of that case and of cases similarly situated, and the scope of the opinion was to show that such evidence was admissible in cases of conspiracy, where fraud is charged to have been committed by two or more pursuant to a combination to commit frauds of a character similar to the one under investigation ; and the cases cited in support of the proposition are all cases of conspiracy, as was also the claim in Hoxie's case. The claim was that Hoxie and a certain master of a vessel combined and conspired together to procure vessels, cause them to be highly insured, and then, while sailing under the command of the same master, a party to the conspiracy, cause them to be lost in order to obtain the insurance upon them. It was upon this ground that the court held that the evidence would have been admissible under a proper notice. And we still think, as we then thought, that the admissibility of such evidence in cases of conspiracy is directly within the principle of *Gardner* v. *Preston*, 2 Day, 205, and many other cases, and without evidence of this sort a fraudulent conspiracy, either to procure goods, or to burn buildings, or to scuttle vessels, or to do any like acts, could hardly ever be proved. But this evidence is not introduced for the purpose of proving the character of the parties to these conspiracies, but the fact that they did conspire to defraud all persons by acts similar to those that are the subject of enquiry in the particular case, and thence to raise an inference that the particular subject matter was but a part of the same conspiracy. But on the trial of this case before the committee we can see no bearing that the evidence had except to prove the respondent a man who had cheated others and from this circumstance raise an inference that he defrauded and intended to defraud the petitioner. It is too clear that this cannot be done to require the citation of authorities to prove it. The object seems to have been to raise an inference from the character of the respondent, as shown by the fraudulent transactions of which evidence was admitted, that he cheated the plaintiff. This will not do ; and we advise that there is manifest error in the judgment

complained of, without going into other questions raised in the case. The committee did not find the fraud charged in the bill, though there was evidence enough of it, if the proof objected to was entitled to any weight, but the court did, and we presume the court found it upon this testimony that was objected to, at least, in part; and if so the evidence must have had an effect prejudicial to the respondent.

We are of opinion that there is error in the judgment complained of.

In this opinion the other judges concurred.