THE EDWARD MALLEY COMPANY *vs.* VELLVENERY BUTTON.

Third Judicial District, New Haven, January Term, 1905. TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Where two or more distinct grounds of recovery are alleged, it is error to charge the jury that the plaintiff is bound to prove each and every material averment of his complaint.

In purchasing goods of the plaintiff upon the credit of her husband, the defendant was alleged to have fraudulently concealed from the plaintiff the fact that she was not living with her husband. *Held* that the rule of *caveat emptor* had no application to this situation; and that the defendant's silence might or might not be fraudulent, depending largely upon whether their separation was caused by her fault or his.

A plaintiff cannot be prejudiced by erroneous instructions to the jury concerning a branch of the case which was wholly unsupported by evidence, and upon which, therefore, he was not entitled to recover.

In an action of fraud, evidence that the defendant made similar representations to other persons in other transactions, is not admissible to prove the fraud alleged. The admissibility of such evidence is confined to cases of conspiracy to defraud.

Submitted on briefs January 18th—decided March 9th, 1905.

ACTION to recover damages for fraud and deceit in obtaining goods from the plaintiff upon the credit of the defendant's husband, brought to the City Court of New Haven and tried to the jury before *Tyner, J.;* verdict and judgment for the defendant, and appeal by the plaintiff. *No error.*

*E. P. Arvine, William F. Alcorn* and *George V. Smith,* for the appellant (plaintiff).

*Edwin S. Thomas,* for the appellee (defendant).

HALL, J. The plaintiff seeks by this action to recover the value of certain goods which, it is alleged, the defendant procured by fraud to be sold to her upon the credit of her husband.

The complaint alleges that at the time of the sale the defendant had abandoned her husband, and that she wilfully and fraudulently concealed from the plaintiff the fact that she was not living with her husband; and that she also falsely and fraudulently represented to the plaintiff that her husband owned an interest in a certain described estate of greater value than the amount of the goods purchased. Paragraph 6 of the complaint alleges that "the defendant had no authority whatever from her said husband to purchase

any goods whatever on his credit, and had abandoned him without cause."

The trial court charged the jury that the burden was upon the plaintiff to prove each and every allegation of its complaint by a fair preponderance of evidence, in compliance with a request of the defendant to that effect, and then added: "I modify that request so that it refers to each and every material allegation of the complaint, and refers only to those allegations of the complaint which are put in issue under the pleadings."

This instruction was incorrect. The complaint in effect charged the defendant with two distinct acts of fraud: one, that she procured the plaintiff to sell the goods to her upon her husband's credit, when she had abandoned him, and had no authority whatever to purchase goods upon his credit; and the other that her husband owned certain property of greater value than the goods purchased. Both of these allegations were material, and were put in issue by the pleadings, but the plaintiff was not required to prove both to entitle it to recover. Proof of either would have been sufficient proof of fraud.

Concerning the allegation of the complaint that the defendant wilfully and fraudulently concealed from the plaintiff that she was not living with her husband, the court said to the jury: "Upon this claim of fraud, I charge you that the rule of law applicable to such fact is that mere silence, a mere failure to apprise the party with whom one is dealing of facts important for him to know for the protection of his own interest in the peculiar transaction, is not fraud. *Caveat emptor*, that is, 'let the buyer beware,' is the motto of commercial law; and in other dealings as well as in sales, every person is expected to look after his own interests, and is not at liberty to rely upon the (other) party to protect him against the consequences of his own blunder or heedlessness."

This instruction was also incorrect. The doctrine of *caveat emptor* was inapplicable to the subject under discussion. If the defendant had not abandoned her husband

without just cause, and had at the time the goods were purchased legal authority to pledge his credit, the mere concealment by her of the fact that she was not then living with him would not have rendered her liable in this action.   If, however, she was living apart from her husband by her own fault, and purchased the goods from the plaintiff, upon her husband's credit, with knowledge that she had no authority to do so, her wilful concealment of such facts from the plaintiff, if it had no knowledge of them, might have rendered her conduct fraudulent.

As printed in the record before us, the court used this language in charging the jury: "It is admitted by counsel during the trial that the defendant had authority, or the question is not; paragraph six of the complaint was not put in issue ; that the defendant had no authority whatever from her said husband to purchase any goods whatever on his credit, and had abandoned him without cause.   It is admitted ; I say during the trial that there is nothing in that paragraph for you gentlemen to consider, as that matter, question, is not put in issue."

What was meant by this language is not perfectly clear, Paragraph six, which the court says was not put in issue, is put in issue by the pleadings.   We are, however, satisfied that the judge intended by this statement to inform the jury, and that the jury must have understood him to say, that it had been admitted by counsel during the trial that there had been no proof that the defendant had abandoned her husband without cause, and had no authority to purchase goods upon his credit.   With that allegation of fraud thus taken out of the case, the plaintiff could hardly have been prejudiced by the errors in the charge before referred to, as the plaintiff could only have recovered upon proof of the remaining allegation of fraud—that the defendant had represented that her husband owned a valuable interest in a certain estate—and as it appears from the verdict that sufficient proof of that allegation was not presented at the trial.

The defendant, having testified as a witness in her own behalf, was asked on cross-examination if she had contracted

other bills in other stores in her husband's name, for the purpose of proving that at about the time of the purchase from the plaintiff, the defendant purchased goods at other stores, in the name of her husband, and there represented that her husband had an interest in said estate named in the complaint, and also concealed the fact of her separation from her husband.

This question was properly excluded. As this is not a case of conspiracy to defraud, evidence that the defendant as an individual made certain representations to other parties in other transactions was not admissible to prove that she made similar representations to the plaintiff for the purpose of defrauding it. *Edwards* v. *Warner*, 35 Conn. 517, 519 ; *Knotwell* v. *Blanchard*, 41 id. 614.

There is no error.

In this opinion the other judges concurred.