FRANCESCA DE L. GAYNE *vs.* FLORENCE SMITH.

Third Judicial District, New Haven, June Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

In selling her farm to the plaintiff, the defendant did not disclose that the Bridgeport Hydraulic Company had the right under its charter to condemn any lands in that locality, and she further requested one B and the town clerk, who represented her when the sale was consummated, not to say anything about it. The town clerk assured the plaintiff's attorney, in answer to inquiries upon the subject, that the title was "good" and that

Gayne *v.* Smith.

there was "no defect in it." *Held* that the defendant was not liable in an action for fraudulent concealment since, unasked, she was under no duty to volunteer information concerning the charter right, particularly as it was a matter of public record in the Special Laws and ascertainable by the plaintiff upon reasonable inquiry, and since her requests to B and the town clerk, perhaps actionable had they diverted or forestalled discovery, were in fact harmless because the questions put to the town clerk related solely to the title of the property and did not require him, in fairly answering, to mention the rights of the water company.

Argued June 1st—decided July 3d, 1926.

ACTION to recover damages and for other relief based upon alleged fraudulent representations and concealment, brought to the Superior Court in Fairfield County and tried to the court, *Jennings, J.;* judgment rendered for the defendant, from which the plaintiff appealed. *No error.*

*William F. Tammany,* for the appellant (plaintiff).

*Samuel A. Davis,* for the appellee (defendant).

MALTBIE, J. Upon the finding, the plaintiff can base her claim for relief only upon the alleged fraudulent silence as to, and concealment of, a material fact by the defendant in making a sale of a farm to her. That fact is that the Bridgeport Hydraulic Company, by special charter provision, had the right to condemn any lands in the region in which the farm is located. The defendant knew this fact, but did not disclose it to the plaintiff; on the other hand, she requested one Buchanan, if he was asked about the property, not to say anything about the water company; and she gave a similar instruction to the town clerk, who represented her when the transaction was consummated. At that time, plaintiff's attorney asked the town clerk if the title was good and was assured that it was; and if there

was any defect in it, and was assured that there was not. The plaintiff did not know about the right of the Hydraulic Company to condemn the property and would not have bought the farm had she known.

A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in so doing, he is not merely remaining silent but is taking active steps to mislead. So the surrounding circumstances may be such that the effect of his silence is actually to produce a false impression in the mind of the vendee, and the making of an agreement or doing of some other act may in itself lead the vendee to believe that a certain fact exists and so amount to an affirmation of it. So the vendor may stand in such a relationship of trust and confidence to the vendee that it is his duty to make a full disclosure. But, these instances aside, the general rule is that the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendee to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry by the vendee. *Malley Co.* v. *Button,* 77 Conn. 571, 574, 60 Atl. 125; *Watertown Savings Bank* v. *Mattoon,* 78 Conn. 388, 392, 62 Atl. 622; *Siro* v. *American Express Co.,* 99 Conn. 95, 101, 121 Atl. 280; *Stewart* v. *Wyoming Cattle Ranch Co.,* 128 U. S. 383, 388, 9 Sup. Ct. 101; *French* v. *Vining,* 102 Mass. 132, 136; Bower on Actionable Non-Disclosure, §§ 106 *et seq.,* 155 *et seq.,* 166; 1 Bigelow on Fraud, p. 590; Smith on Fraud, §§ 8 *et seq.,* 20 *et seq.;* 27 R. C. L. p. 366; 26 Corpus Juris, 1070.

The right of the Hydraulic Company to condemn the property in question was a matter of record in the

Special Laws of this State, and was no doubt of common knowledge in the neighborhood. Unasked, the defendant was under no duty to say anything as to it. Her request to Buchanan and instruction to the town clerk not to mention the water company might perhaps have given rise to a cause of action, had they in fact diverted or forestalled inquiry, but the plaintiff cannot avail herself of them, because no inquiry as to its rights was made, and the defendant's acts did not in fact affect the plaintiff's conduct in any way. *Bennett* v. *Gibbons*, 55 Conn. 450, 452, 12 Atl. 99. The questions put to the town clerk were solely with reference to the title of the property and did not require him, in fairly answering, to mention the rights of the water company.

There is no error.

In this opinion the other judges concurred.