ANDREW W. HART ET AL. v. CHARLES L. THEREAULT

COURT OF COMMON PLEAS     MIDDLESEX COUNTY     FILE No. 986

Memorandum filed December 28, 1949.

*Charles P. Bufiths,* of Middletown, for the Plaintiffs.

*Don Cambria,* of Middletown, for the Defendant.

FITZGERALD, J. On April 14, 1949, the defendant sold to the plaintiffs a parcel of land owned by him and located in the Newfield district of Middletown, with a small dwelling house thereon, for the sum of $3200. The property is located in a "flood area" occasioned by the Connecticut River at times overflowing its banks and inundating the surrounding countryside. The last floods of consequence were in 1936 and 1938. During the past twenty years there have been in all four or five such floods of record. It could be found that the property in question, apart from the presence of the river located some two miles away, is in a somewhat damp area and was observable as such when the plaintiffs were shown the property.

The plaintiffs had lived in Middletown for a year before they purchased the property and claim to have had no prior knowledge of the perversities of the Connecticut River, historically or otherwise. In any event they were shown through the house and over the grounds by one Harry Marks, the defendant's authorized agent. At that time (April, 1949) the cellar and rear yard gave evidence of dampness of a decidedly noticeable nature. Such conditions were not, however, brought about by a current flood. In fact there has been no flood in the area immediately before or since the plaintiffs purchased the property.

Paragraph 8 of the complaint recites the crucial allegations upon which the plaintiffs seek a rescission of the sale of the property, return to them of the purchase price, cost of improvements made by them, and damages. This paragraph reads: "The defendant, acting through his agent Marks, made statements and representations, knowing them to be false, with intent thereby to induce the plaintiffs to make said purchase, and further the defendant, acting through his agent Marks and with the intent thereby to induce the plaintiffs to buy the property, refrained from advising the plaintiffs that said property was subject to floods, which fact the defendant knew or should have known."

It is found that while the defendant and his agent knew that the property was located in a flood area, and did not disclose this fact, neither did they forestall inquiry in that direction or otherwise hide the fact; that such was discoverable to the plaintiffs upon reasonable inquiry. Hence the general rule applies to the case at bar. That rule is stated thus in *Gayne* v. *Smith*, 104 Conn. 650, 652: ". . . the general rule is that the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendee to set aside the transaction as fraudulent. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry by the vendee." (Cases cited).

The standard of proof in a civil action is that "proof which produces 'a reasonable belief of the probability of the existence of the material facts.'" *Beckwith* v. *Stratford*, 129 Conn. 506, 507. It is the conclusion of the court that the plaintiffs have not sustained the required proof in support of their essential allegations, and that the general rule quoted is applicable and decisive of the case.

Accordingly, judgment is required to be entered finding the issues for the defendant, with an award of costs as an incident.

Counsel, the loser no less than the winner, are complimented for their efforts and diligence before the court.