JAMES F. EGAN ET AL. *v.* HUDSON NUT PRODUCTS, INC.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued April 5—decided May 10, 1955

*Hereward Wake,* for the appellants (plaintiffs).

*Leo Nevas,* with whom, on the brief, were *Alan H. Nevas* and *Howard W. Benedict,* for the appellee (defendant).

O'SULLIVAN, J. The plaintiffs brought this action to recover the cost of correcting certain alleged structural defects in a house which they bought from the defendant. The court rendered judgment for the latter and the plaintiffs have appealed.

The finding is not subject to correction. It recites the following facts: The plaintiffs are husband and wife. The defendant is a corporation which was engaged, during the times herein mentioned, in developing a tract of land in the town of Westport. Prior to 1950, the defendant built on the tract twenty dwelling houses, one of which was bought by the plaintiffs on January 30, 1950, and is the subject matter of this litigation. The house, situated on a cliff not more than 600 feet from Long Island Sound, was completed in the summer of 1949. The plaintiffs first looked it over in the fall of that year. They again examined it in December and during the same month had it inspected by an expert builder and designer of homes. The plans for the house had been prepared by a designer of dwellings, although he was not registered in Connecticut as an architect or engineer. The superintendent of construction had had experience in the building trades and was familiar with reasonable building standards in the Westport area. Arthur A. Miller was then the town's building inspector, a post he had held for several years. He was also a builder of homes.

The Westport building code in effect at the time of the occurrence of these narrated events established

minimum structural requirements. Westport Bldg. Code (1940). One of its provisions was that all houses should have masonry foundations or piers extending to solid rock or to thirty-eight inches below the abutting finished grade. Id., §9. At two points in the plaintiffs' house the footings did not run to that depth. The building inspector, however, had examined all of the footings while they were being installed and found them to be adequate in view of the terrain. No damage to the house has resulted from any insufficiency of footings.

Contrary to the provisions of the code (§7), the septic tank was built twelve rather than twenty-five feet from the house. The code has since been amended to permit the locating of a septic tank ten feet from a dwelling. The amendment makes the distance conform with the health code and the model building code of the state of Connecticut. Because of the presence of ledge rock, it was not practical to build the tank beyond the twelve-foot distance. As a result of this situation, the tank was located in accordance with the instructions of the health officer of Westport and he supervised its construction. The plaintiffs' sewage system has worked adequately.

The Westport building code further provided that the horizontal span for the type of rafter used in the house should not exceed ten feet six inches. The span of the rafters at floor level was greater than the limitation set up in the code. By the use of knee walls, the spans were shortened and thus complied with the code limitation. Furthermore, the rafters were tied together with collar beams for additional strength. All of the rafters, their supports and spans were open to view in the attic.

In the fall of 1950 a hurricane struck Westport. It was unusually fierce and caused great damage to

property along the shore. The destructive force of the storm was so great that it wrecked a concrete highway adjoining the defendant's tract and rolled upon the property huge boulders from across the road. The only damage to the plaintiffs' dwelling from the storm arose from the loss of some shingles off the roof.

The plaintiffs' theory is that the house which they bought was built in such a manner as to violate the local building code in three particulars, (1) by installing certain footings at a depth of less than thirty-eight inches below grade, (2) by building the septic tank twelve feet from their house, and (3) by erecting rafters with a horizontal span in excess of ten feet six inches; that a duty to disclose these violations rested on the defendant; and that it breached this duty, thus giving to them, the plaintiffs, a right to recover on the ground of constructive fraud.

It is, of course, true that, under certain circumstances, there may be as much fraud in a person's silence as in a false statement. *Kronfeld* v. *Missal,* 87 Conn. 491, 493, 89 A. 95. Mere nondisclosure, however, does not ordinarily amount to fraud. *Watertown Savings Bank* v. *Mattoon,* 78 Conn. 388, 393, 62 A. 622. It will arise from such a source only under exceptional circumstances. *Boardman* v. *Burlingame,* 123 Conn. 646, 656, 197 A. 761; *Slabotsky* v. *State Department of Health,* 108 Conn. 88, 92, 142 A. 477. To constitute fraud on that ground, there must be a failure to disclose known facts and, in addition thereto, a request or an occasion or a circumstance which imposes a duty to speak. *Ceferatti* v. *Boisvert,* 137 Conn. 280, 283, 77 A.2d 82; *Behrmann* v. *Behrmann,* 110 Conn. 443, 446, 148 A. 363. To be actionable for fraud, the nondisclosure

must be by a person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction. *Haddad* v. *Clark*, 132 Conn. 229, 233, 43 A.2d 221. "A vendor of property may not do anything to conceal from the vendee a material fact affecting it . . . or deliberately hide defects, for, in so doing, he is not merely remaining silent but is taking active steps to mislead. So the surrounding circumstances may be such that the effect of his silence is actually to produce a false impression in the mind of the vendee, and the making of an agreement or doing of some other act may in itself lead the vendee to believe that a certain fact exists and so amount to an affirmation of it. So the vendor may stand in such a relationship of trust and confidence to the vendee that it is his duty to make a full disclosure. But, these instances aside, the general rule is that the silence of a vendor with reference to facts affecting the value or desirability of property sold cannot give rise to an action by the vendee [for fraud]. Certainly this is true as to all facts which are open to discovery upon reasonable inquiry by the vendee." *Gayne* v. *Smith*, 104 Conn. 650, 652, 134 A. 62.

The decisive question on this appeal is whether, in view of the foregoing legal principles, the circumstances in the case at bar were of such a nature that the defendant's silence produced a false impression in the plaintiffs' minds as to the structural condition of the house which they proposed to buy. The answer must be in the negative. The facts reveal a situation where there was a nondisclosure rather than a deliberate concealment of the alleged three structural violations. Actually, there were but two, because there is no merit to the claimed violation of

the code's requirement as to the maximum span of the rafters. The finding is explicit in stating that the span conformed to the requirement.

The other two claimed violations of the code deal with certain footings and with the septic tank. Both the depth of the former and the location of the latter had been approved by those delegated by the town of Westport to pass upon such matters. The house had been built, as the court concluded, in accordance with reasonably good building standards and in substantial compliance with the code. There is nothing in the situation to indicate that the defendant's failure to mention the location of the tank and the depth of the footings at the two points where they did not meet the provisions of the code was for the deliberately conceived purpose of deceiving the plaintiffs or of luring them into a false belief as to both items. Whatever might be the result under other circumstances, those present in the case at bar were totally inadequate to impose upon the defendant a duty to disclose in the absence of any question propounded about the items by the plaintiffs.

There is no error.

In this opinion the other judges concurred.