[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON ROBERT L. DAY CO., INC. MOTION FOR SUMMARY JUDGMENT #140 ROBERT L. DAY ROBERT L. DAY, II., ON FOR SUMMARY JUDGMENT #142 ANTHONY LINDA BARTONE MOTION FOR SUMMARY JUDGMENT #143
I. FACTS
The present case arises from the alleged negligent construction of a septic system which was part of a newly built family residence on property known as Witchhazel Drive located in Deep River, Connecticut (hereinafter "subject premises").
On July 22, 1991, the plaintiffs, Anthony Bartone and Linda Bartone, homeowners (hereinafter "plaintiffs"), filed the present action against several defendants including Robert L. Day Co., Inc., general contractor and developer, Robert L. Day, president of Robert L. Day Co., Inc., Robert L. Day II., employee of Robert L. Day Co., Inc., Gene Gualazzi, subcontractor and president of Twin Oak Construction, Landon Woodcock, Director of Public Health for the Town of Deep River and the Town of Deep River.
In the plaintiffs' complaint, they allege nine causes of action against the various defendants. The first through fifth counts of the plaintiffs' complaint are directed at the defendants, Robert L. Day Co., Inc., Robert L. Day and Robert L. Day, II., (hereinafter "defendants"). In the first count, the plaintiffs allege that the defendants intentionally concealed the defective septic system from the plaintiffs and were responsible for misleading, misinforming and or defrauding the plaintiffs. In the second count, the plaintiffs allege that the defendants' wrongful acts were wanton and willful. In the third count, the plaintiffs allege that the defendants made negligent misrepresentations by failing to disclose that the septic system was defective. In the fourth count, the plaintiffs allege that the defendants were negligent in their construction of the defective septic system. In the fifth count, the plaintiffs allege that the defendants' deceptive acts and practices violated the Connecticut Unfair CT Page 6360 Trade Practices Act (CUTPA), pursuant to General Statutes Sec.42-110a, et seq.
On May 29, 1992, the defendants filed an answer and special defenses to the plaintiffs' complaint. In the defendants' special defenses, they claim that the plaintiffs' action, as against the defendants, is barred by the statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577.
On June 2, 1992, the plaintiffs filed their reply and a general denial of the defendants' special defenses.
On April 20, 1993, the defendant, Robert L. Day Co., Inc., filed its motion for summary judgment with supporting memorandum of law and evidence. The defendant corporation claims that there are no issues of material fact and that the defendant corporation is entitled to judgment, as a matter of law, on the ground that the statute of limitations bars the plaintiffs' action, as against the defendant corporation.
On April 26, 1993, the defendants, Robert L. Day and Robert L. Day, II., filed their motion for summary judgment incorporating the defendant corporation's supporting memorandum of law and evidence in support of their motion for summary judgment.
On May 6, 1993, the plaintiffs filed their cross-motion for summary judgment with supporting memorandum of law and evidence. The plaintiffs argue that the defendants' fraudulent concealment of the defective septic system tolled the statute of limitations, pursuant to General Statutes Sec.52-595. The plaintiffs claim that there remains no issues of material fact, as to the timeliness of their action, and that they are entitled to judgment, as a matter of law, as against the defendants.
On June 21, 1993, the three motions for summay [summary] judgment were heard by the court.
II. DISCUSSION
1. In General:
Practice Book Sec. 379, provides in pertinent CT Page 6361 part that:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." (Citation omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
2. Defendant corporation's motion for summary judgment (#140).
In its motion for summary judgment, the defendant corporation claims that there is no genuine issue of a material fact and that it is entitled to judgment as a matter of law. This argument is based on the defendant corporation's claim that the plaintiffs' action, as against the defendant corporation, is barred by the statute of limitations, pursuant to General Statutes Sec. 42-110g(f), as to the plaintiffs' CUTPA claim alleged in the fifth count of the plaintiffs' complaint and General Statutes Sec. 52-577, as to the plaintiffs' tort claims alleged in the first through fourth counts of the CT Page 6362 plaintiffs' complaint. General Statutes Sec. 41-110g(f) states that "[a]n action under [CUTPA] may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes Sec. 52-577 states that "[n]o action founded upon tort shall be but within three years from the date of the act or omission complained of."
The plaintiffs state that the applicable statute of limitations is found in General Statutes Sec. 52-576 which provides for a six year statute of limitations on contract actions. Even though the present action arises from a contract for the purchase of realty, the plaintiffs' claims are clearly based in tort and under CUTPA. It is this court's opinion that the three year statute of limitations applies to all counts directed against the defendant corporation. Accordingly, under both General Statutes Sec. 42-110g(f) and Sec. 52-577, the statute of limitations ran on the plaintiffs' action on February 10, 1990, three years after the transfer of the subject premises from the defendants, sellers, to the plaintiffs, buyers.
However, the plaintiffs allege, in the first count of their complaint, that the defendants concealed various defects in the septic system of the subject premises and that the defendants were responsible for misleading, misinforming and or defrauding the plaintiffs. Based on these allegations, the plaintiffs rely on General Statutes Sec. 52-595 in claiming that the three year statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577, were tolled by the fraudulent concealment of the plaintiffs' cause of action by the defendants. General Statutes Sec. 52-595 states that:
 If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.
In order for the plaintiff to toll the statute of limitations, the plaintiff must prove by clear, precise, and unequivocal evidence that the defendants fraudulently concealed CT Page 6363 various defects concerning the septic system of the subject premises. Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 163, 464 A.2d 18 (1983). The plaintiff must also satisfy three additional requirements: (1) That the plaintiff be ignorant of the existence of a right of action; (2) that the defendant must intend that the plaintiff be kept in ignorance; and (3) that in the absence of a fiduciary relationship the defendant must be guilty of some affirmative act of concealment. Zimmerer v. General Electric Co.,126 F. Sup. 690, 693 (D. Conn. 1954).
Both parties have offered conflicting evidence as to whether the statute of limitations should be tolled. In the court's opinion there remain issues of fact as to whether the plaintiffs can sustain their burden of proof in establishing fraudulent concealment by the defendants. It is decided that whether General Statutes Sec. 52-595 is available to the plaintiffs, in tolling the statute of limitations, is a question that should be determined at trial by the trier of fact.
Assuming that General Statutes Sec. 52-595 is available to the plaintiffs, the next question becomes at what point did the plaintiffs discover the existence of the defendants' failure to disclose the defect in the septic system of the subject premises.
The defendant has offered evidence that the plaintiffs were aware of the defect as early as spring, 1987, and that the plaintiffs' action is untimely, as to the defendant corporation, where the statute of limitations subsequently ran in the spring, 1990.
Conversely, the plaintiffs have offered opposing evidence that the plaintiffs were not made aware of the defendants' failure to disclose the defect in the septic system until a later date.
Therefore, it is found that genuine issues of a material fact remain as to when the plaintiffs discovered the defect in the septic system and whether the present action is barred by the statutes of limitations.
Although the defendant's motion for summary judgment is based on the defendant's claim that the plaintiffs' action CT Page 6364 is barred by the three year statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577, the defendant also raises the argument, that as a matter of law, the defendant corporation was not under a legal duty to disclose to the plaintiffs any defects in the septic system which was designed, constructed and installed by Twin Oak Construction, the subcontractor.
A duty to speak exists when "a vendor of property conceals from the vendee a material fact affecting it." Wedig v. Brinster, 469 A.2d 783, 788 (1983). "A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in so doing, he is not merely remaining silent, but is taking active steps to mislead." Id., citing Egan v. Hudson Nut Products, Inc., 142 Conn. 344, 348, 114 A.2d 213 (1955); Gayne v. Smith, 104 Conn. 650, 652, 134 A. 62 (1926).
It is determined that the defendant corporation, vendor, does have certain legal obligations concerning disclosure or material defects to the plaintiffs, vendees. It is also decided that there remains genuine issues of material fact as to whether the defendants knowingly failed to disclose to the plaintiffs any defects in the septic system of the subject premises.
Based on the aforesaid, it is found that the defendant corporation's motion for summary judgment should be denied on the ground that genuine issues of material fact remain as to whether the plaintiffs' action is barred by the three year statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577.
3. Defendants' motion for summary judgment (#142).
The defendants, Robert L. Day and Robert L. Day, II., have filed substantially the same motion for summary judgment as the defendant corporation and have adopted the defendant corporation's supporting memorandum of law and evidence.
Therefore, it is found that the defendants' motion for summary judgment should be denied based on the same ground as the defendant corporation's motion for summary judgment, CT Page 6365 discussed supra.
4. Plaintiffs' cross-motion for summary judgment (#143).
The plaintiffs' cross-motion for summary judgment is directed at the same issues as the defendants' motions for summary judgment. It is found that there remain genuine issues of material fact as to whether the plaintiffs' action is barred by the statute of limitations, pursuant to General Statutes Sec. 42-220g(f) and Sec. 52-577.
Therefore, it is found that the plaintiffs' motion for summary judgment should be denied based on the same ground as both defendants' motions for summary judgment, discussed supra.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendant corporation's motion for summary judgment (#140), the defendant's motion for summary judgment (#142) and the plaintiffs' motion for summary judgment (143) ought to be and are hereby denied.
It is so ordered.
ARENA, J.