[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' [THE TOWN OF DEEP RIVER AND LANDON WOODCOCK, FORMER DIRECTOR OF PUBLIC HEALTH] MOTION FOR SUMMARY JUDGMENT #156
I. FACTS
The present case arises from the alleged negligent construction of a septic system which was part of a newly built residence on property known as 17 Witchhazel Drive located in Deep River, Connecticut (hereinafter "subject premises").
On July 22, 1991, the plaintiffs, Anthony Bartone and Linda Bartone, homeowners (hereinafter "plaintiffs"), filed the present action against several defendants including Robert L. Day Co., Inc., general contractor and developer, Robert L. Day, president of Robert L. Day Co., Inc., Robert L. Day, II., employee of Robert L. Day Co., Inc., Gene Gualazzi, subcontractor and president of Twin Oak Construction, Landon Woodcock, former Director of Public Health for the Town of Deep River and the Town of Deep River.
In the plaintiffs' amended complaint dated April 6, 1992, they allege nine counts against the various defendants. The seventh, eighth and ninth counts of the plaintiffs' complaint are directed against the defendants, Landon Woodcock, former Director of Public Health for the Town of Deep River and the Town of Deep River (hereinafter "defendants").
In the seventh count, the plaintiffs allege that the defendant, Woodcock, was negligent in that he failed to perform his duties as town sanitarian, pursuant to General Statutes Sec. 7-104 and Sec. 1.9a-207.[1]
In the eighth count, the plaintiffs allege that the defendant, Town of Deep River, is obligated to indemnify the CT Page 7833 plaintiffs for the negligent acts of its duty authorized agent, Woodcock.
In the ninth count, the plaintiffs allege that the defendant, Town of Deep River, is liable for negligent acts or omissions committed by its employee, Woodcock, in the scope of Woodcock's employment relationship with the municipality, pursuant to General Statutes Sec. 52-557n(a)(1)(A).[2]
On June 29, 1992, the defendants filed their joint answer and special defense to the plaintiffs' complaint. In the defendants' special defense, they claim that their liability is limited, pursuant to General Statutes Sec. 52-557n, and that the plaintiffs failed to give the defendant municipality proper notice, pursuant to General Statutes Sec. 7-465.[3]
Also on June 29, 1992, the plaintiffs filed their reply and a general denial of the defendants' special defense.
On July 30, 1993, the defendants requested permission to file their motion for summary judgment which was granted by this court. On the same date, the defendants filed their motion for summary judgment with supporting memorandum of law and evidence. The defendants argue that there are no issues of material fact and that the defendants are entitled to judgment, as a matter of law, on the ground that the three-year statute of limitations, pursuant to General Statutes Sec.52-577, bars the plaintiffs' action, as against the defendants.
On August 4, 1993, the plaintiffs filed their opposition to the defendants' motion for summary judgment.
On August 16, 1993, the defendants' motion for summary judgment was heard by this court.
II. DISCUSSION
Practice Book Sec. 379 provides in pertient [pertinent] part that:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated CT Page 7834 in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted). Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Forgarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
In their motion for summary judgment, the defendants claim that there is no genuine issue of a material fact and that they are entitled to judgment as a matter of law. This assertion is based on the defendants' argument that the plaintiffs' action, as against the defendants, is barred by the statute of limitations, pursuant to General Statutes Sec.52-577.
General Statutes Sec. 52-577 provides that "[n]o action founded upon tort shall be brought within three years from the date of the act or omission complained of."
The defendants argue that a previous decision rendered by this court on June 24, 1993, involving the present action, is preclusive on the issue as to the approximate date that the three-year statute of limitations began to accrue, pursuant to General Statutes Sec. 52-557. Bartone v. Robert L. Day Co., Inc., Superior Court, judicial district of Middlesex, Docket No. 62749 (June 24, 1993, Arena, J.) (see Appendix A). CT Page 7835
In that decision, involving motions for summary judgment brought by the defendants, Robert L. Day, Robert L. Day, II., and Robert L. Day CO., Inc., and a cross-motion for summary judgment brought by the plaintiffs, the court found that the statute of limitations began to run in the spring of 1987, at which time the evidence supports that the plaintiffs became aware of the defective septic system. Id.
However, this court found that the issues of fact remained as to whether the statute of limitations was tolled by fraudulent concealment of the plaintiffs' cause of action by the defendants, Robert L. Day, Robert L. Day, II., and Robert L. Day Co., Inc., pursuant to General Statutes Sec.52-595.[4]
 Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstances. State v. Hoffler, 174 Conn. 452, 462-63, 389 A.2d 1257 (1978); State v. Mariano, 152 Conn. 85, 91-92, 203 A.2d 305 (!964) [(1964)], cert. denied, 380 U.S. 943, 85 S.Ct. 1025, 13 L.Ed.2d 962 (1965).
Breen v. Phelps, 186 Conn. 86, 99, 439 A.2d 1066 (1982); see Ratner v. Willametz, 9 Conn. App. 565, 578, 520 A.2d 621
(1987).
In the present action, the plaintiffs have failed to offer any evidence in opposition which would prove that the defendants attempted to fraudulently conceal the plaintiffs' cause of action. Thus, there remains no genuine issues of a material fact concerning the issue of fraudulent concealment as to the defendants.
Accordingly, it is found that the plaintiffs' cause of action, as to the defendants, is barred by the three-year statute of limitations, pursuant to General Statutes Sec.52-577, where the time period to bring suit expired in the spring of 1990, more than a year prior to the plaintiffs' CT Page 7836 filing of the present action.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendants' motion for summary judgment as to the seventh, eighth and ninth counts of the plaintiffs' amended complaint dated April 5, 1992, ought to be and is hereby granted on the ground that there remains no genuine issues of a material fact and that the defendants are entitled to judgment, as a matter of law, where the plaintiffs' action, as against the defendants, is untimely and barred by the three-year statute of limitations, pursuant to General Statutes Sec. 52-577.
It is so ordered.
ARENA, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. File remains pending in other respect.
Michael Kokoszka, Chief Clerk
APPENDIX A
MEMORANDUM OF DECISION ON ROBERT L. DAY CO., INC. MOTION FOR SUMMARY JUDGMENT #140 ROBERT L. DAY ROBERT L. DAY, II., MOTION FOR SUMMARY JUDGMENT #142 ANTHONY LINDA BARTONE MOTION FOR SUMMARY JUDGMENT #143
ARENA, J.
I. FACTS
The present case arises from the alleged negligent construction of a septic system which was part of a newly CT Page 7838 built family residence on property known as Witchhazel Drive located in Deep River, Connecticut (hereinafter "subject premises").
On July 22, 1991, the plaintiffs, Anthony Bartone and Linda Bartone, homeowners (hereinafter "plaintiffs"), filed the present action against several defendants including Robert L. Day Co., Inc., general contractor and developer, Robert L. Day, president of Robert L. Day Co., Inc., Robert L. Day II., employee of Robert L. Day Co., Inc., Gene Gualazzi, subcontractor and president of Twin Oak Construction, Landon Woodcock, Director of Public Health for the Town of Deep River and the Town of Deep River.
In the plaintiffs' complaint, they allege nine causes of action against the various defendants. The first through fifth counts of the plaintiffs' complaint are directed at the defendants, Robert L. Day Co., Inc., Robert L. Day and Robert L. Day, II., (hereinafter "defendants"). In the first count, the plaintiffs allege that the defendants intentionally concealed the defective septic system from the plaintiffs and were responsible for misleading, misinforming and or defrauding the plaintiffs. In the second count, the plaintiffs allege that the defendants' wrongful acts were wanton and willful. In the third count, the plaintiffs allege that the defendants made negligent misrepresentations by failing to disclose that the septic system was defective. In the fourth count, the plaintiffs allege that the defendants were negligent in their construction of the defective septic system. In the fifth count, the plaintiffs allege that the defendants' deceptive acts and practices violated the Connecticut Unfair Trade Practices Act (CUTPA), pursuant to General Statutes Sec.42-110a, et seq.
On May 29, 1992, the defendants filed an answer and special defenses to the plaintiffs' complaint. In the defendants' special defenses, they claim that the plaintiffs' action, as against the defendants, is barred by the statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577.
On June 2, 1992, the plaintiffs filed their reply and a general denial of the defendants' special defenses.
On April 20, 1993, the defendant, Robert L. Day Co., CT Page 7839 Inc., filed its motion for summary judgment with supporting memorandum of law and evidence. The defendant corporation claims that there are no issues of material fact and that the defendant corporation is entitled to judgment, as a matter of law, on the ground that the statute of limitations bars the plaintiffs' action, as against the defendant corporation.
On April 26, 1993, the defendants, Robert L. Day and Robert L. Day, II., filed their motion for summary judgment incorporating the defendant corporation's supporting memorandum of law and evidence in support of their motion for summary judgment.
On May 6, 1993, the plaintiffs filed their cross-motion for summary judgment with supporting memorandum of law and evidence. The plaintiffs argue that the defendants' fraudulent concealment of the defective septic system tolled the statute of limitations, pursuant to General Statutes Sec.52-595. The plaintiffs claim that there remains no issues of material fact, as to the timeliness of their action, and that they are entitled to judgment, as a matter of law, as against the defendants.
On June 21, 1993, the three motions for summay [summary] judgment were heard by the court.
II. DISCUSSION
1. In General:
Practice Book Sec. 379, provides in pertinent part that:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
CT Page 7840
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
2. Defendant corporation's motion for summary judgment (#140).
In its motion for summary judgment, the defendant corporation claims that there is no genuine issue of a material fact and that it is entitled to judgment as a matter of law. This argument is based on the defendant corporation's claim that the plaintiffs' action, as against the defendant corporation, is barred by the statute of limitations, pursuant to General Statutes Sec. 42-110g(f), as to the plaintiffs' CUTPA claim alleged in the fifth count of the plaintiffs' complaint and General Statutes Sec. 52-577, as to the plaintiffs' tort claims alleged in the first through fourth counts of the plaintiffs' complaint. General Statutes Sec. 41-110g(f) states that "[a]n action under [CUTPA] may not be brought more than three years after the occurrence of a violation of this chapter." General Statutes Sec. 52-577 states that "[n]o action founded upon tort shall be but within three years from the date of the act or omission complained of."
The plaintiffs state that the applicable statute of limitations is found in General Statutes Sec. 52-576 which provides for a six year statute of limitations on contract actions. Even though the present action arises from a contract for the purchase of realty, the plaintiffs' claims are clearly based in tort and under CUTPA. It is this court's opinion that the three year statute of limitations applies to CT Page 7841 all counts directed against the defendant corporation. Accordingly, under both General Statutes Sec. 42-110g(f) and Sec. 52-577, the statute of limitations ran on the plaintiffs' action on February 10, 1990, three years after the transfer of the subject premises from the defendants, sellers, to the plaintiffs, buyers.
However, the plaintiffs allege, in the first count of their complaint, that the defendants concealed various defects in the septic system of the subject premises and that the defendants were responsible for misleading, misinforming and or defrauding the plaintiffs. Based on these allegations, the plaintiffs rely on General Statutes Sec. 52-595 in claiming that the three year statute of limitations, pursuant to General Statutes Sec. 42-110s(f) and Sec. 52-577, were tolled by the fraudulent concealment of the plaintiffs' cause of action by the defendants. General Statutes Sec. 52-595 states that;
 If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.
In order for the plaintiff to toll the statute of limitations, the plaintiff must prove by clear, precise, and unequivocal evidence that the defendants fraudulently concealed various defects concerning the septic system of the subject premises. Beckenstein v. Potter Carrier, Inc.,191 Conn. 150, 163, 464 A.2d 18 (1983). The plaintiff must also satisfy three additional requirements: (1) That the plaintiff be ignorant of the existence of a right of action; (2) that the defendant must intend that the plaintiff be kept in ignorance; and (3) that in the absence of a fiduciary relationship the defendant must be guilty of some affirmative act of concealment. Zimmerer v. General Electric Co.,126 F. Sup. 690, 693 (D.Conn. 1954).
Both parties have offered conflicting evidence as to whether the statute of limitations should be tolled. In the court's opinion there remain issues of fact as to whether the CT Page 7842 plaintiffs can sustain their burden of proof in establishing fraudulent concealment by the defendants. It is decided that whether General Statutes Sec. 52-595 is available to the plaintiffs, in tolling the statute of limitations, is a question that should be determined at trial by the trier of fact.
Assuming that General Statutes Sec. 52-595 is available to the plaintiffs, the next question becomes at what point did the plaintiffs discover the existence of the defendants' failure to disclose the defect in the septic system of the subject premises.
The defendant has offered evidence that the plaintiffs were aware of the defect as early as spring, 1987, and that the plaintiffs' action is untimely, as to the defendant corporation, where the statute of limitations subsequently ran in the spring, 1990.
Conversely, the plaintiffs have offered opposing evidence that the plaintiffs were not made aware of the defendants' failure to disclose the defect in the septic system until a later date.
Therefore, it is found that genuine issues of a material fact remain as to when the plaintiffs discovered the defect in the septic system and whether the present action is barred by the statutes of limitations.
Although the defendant's motion for summary judgment is based on the defendant's claim that the plaintiffs' action is barred by the three year statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577, the defendant also raises the argument, that as a matter of law, the defendant corporation was not under a legal duty to disclose to the plaintiffs any defects in the septic system which was designed, constructed and installed by Twin Oak Construction, the subcontractor.
A duty to speak exists when "a vendor of property conceals from the vendee a material fact affecting it." Wedig v. Brinster, 469 A.2d 783, 788 (1983). "A vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him, or deliberately hide defects, for, in CT Page 7843 so doing, he is not merely remaining silent, but is taking active steps to mislead." Id., citing Egan v. Hudson Nut Products, Inc., 142 Conn. 344, 348, 114 A.2d 213 (1955); Gayne v. Smith, 104 Conn. 650, 652, 134 A. 62 (1925).
It is determined that the defendant corporation, vendor, does have certain legal obligations concerning disclosure or material defects to the plaintiffs, vendees. It is also decided that there remains genuine issues of material fact as to whether the defendants knowingly failed to disclose to the plaintiffs any defects in the septic system of the subject premises.
Based on the aforesaid, it is found that the defendant corporation's motion for summary judgment should be denied on the ground that genuine issues of material fact remain as to whether the plaintiffs' action is barred by the three year statute of limitations, pursuant to General Statutes Sec. 42-110g(f) and Sec. 52-577.
3. Defendants' motion for summary judgment (#142).
The defendants, Robert L. Day and Robert L. Day, II., have filed substantially the same motion for summary judgment as the defendant corporation and have adopted the defendant corporation's supporting memorandum of law and evidence.
Therefore, it is found that the defendants' motion for summary judgment should be denied based on the same ground as the defendant corporation's motion for summary judgment, discussed supra.
4. Plaintiffs' cross-motion for summary judgment (#143).
The plaintiffs' cross-motion for summary judgment is directed at the same issues as the defendants' motions for summary judgment. It is found that there remain genuine issues of material fact as to whether the plaintiffs' action is barred by the statute of limitations, pursuant to General Statutes Sec. 42-220g(f) and Sec. 52-577.
Therefore, it is found that the plaintiffs' motion for summary judgment should be denied based on the same ground as both defendants' motions for summary judgment, discussed CT Page 7844 supra.
III. CONCLUSION
For the reasons herein stated, it is concluded that the defendant corporation's motion for summary judgment (#140), the defendant's motion for summary judgment (#142) and the plaintiffs' motion for summary judgment (143) ought to be and are hereby denied.
It is so ordered.
ARENA, J.