[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (No. 135)
The motion to strike now before the court in this fraud case relies on what the defendants view as a bright line distinction between misrepresentation and nondisclosure. Because the distinction between these alleged fraudulent means is not as talismanic as the defendants think it is, the motion must be denied.
The facts, of course, must be taken from the pleadings — in this case, the plaintiffs' second amended complaint filed on May 1, 1998. The plaintiffs, Gary and Judith Robinson (the "Robinsons") purchased a home in North Haven on October 13, 1994. They claim that after they purchased it they discovered that the basement leaked, the septic system was defective, and the grading and drainage of the premises were inadequate. They have sued both the seller of the premises and Laura Carolla ("Carolla") and Beazley Company Realtors of North Haven ("Beazley") who acted as agents for the seller. Only the counts of the Robinsons' complaint directed against Carolla and Beazley are important here. These CT Page 4578 are the fifth, sixth, and seventh counts, each of which is directed against both of the defendants in question. The fifth count claims fraud. The sixth count claims a CUTPA violation. Conn. Gen. Stat. §§ 42-110a, et seq. The seventh count claims negligent misrepresentation.
The motion to strike does not attack the counts in question in their entirety. These counts set forth numerous alleged misrepresentations made by Carolla and Beazley concerning the roof, the ceiling, the basement, and the septic system. The complaint alleges that on August 11, 1994, Gary Robinson inspected the premises with Carolla and asked her about leakage and water problems in various locations including the septic system and was told that there were no leakage problems or defects of any kind with regard to those locations. The allegations of affirmative misrepresentation are not challenged, at least at this stage. In addition to their allegations of misrepresentation, however, the Robinsons claim in ¶ 16(d) of their complaint that Carolla and Beazley committed misrepresentation "[b]y withholding, on or about August 11, 1994, material information in regard to the grading and drainage of the premises, the defendants had a duty to disclose based upon the effect of said grading and drainage upon the basement and septic systems, of which the plaintiffs had inquired." The Robinsons then claim in ¶ 17 that, "The statements set out in Paragraph 16(d) of [the counts in question] were false representations of fact." The specific allegations just quoted are the allegations in question here.
On February 2, 1999, Carolla and Beazley filed the motion to strike now before the court. The motion seeks to strike paragraphs 16(d) and 17 of the counts in question. The motion was heard on April 5, 1999. For the reasons briefly set forth below, it must be denied.
The limited focus of the motion to strike must first be addressed. As mentioned, the motion does not attack any count in its entirety. Rather, the motion focuses on a single paragraph and an additional single subparagraph, implicitly conceding that the counts that incorporate the challenged assertions are, taken as a whole, sufficient to state their respective causes of action. Although this procedure was improper prior to the 1978 Practice Book revision, "it is presumably proper . . . under the present rules." 1 WESLEY W. HORTON KIMBERLY A. KNOX, CONNECTICUT PRACTICE 369 (4th ed. 1998). (The plaintiffs' objection to the motion does not address this procedural point.) CT Page 4579 But although the procedure may be technically feasible, its use here raises something of a red flag. This is a fraud case, and in fraud cases context can be everything. A statement or omission that might seem innocent in one context can take on a much darker hue in a different factual setting. For the court to go through a detailed pleading with a watchmakers loupe and strike out specific allegations or suballegations that might raise theoretical difficulties when taken in isolation is a dangerous practice. It is far more appropriate to let the jury hear the entire factual context of the plaintiffs' claim — remembering that the claim as a whole is not challenged — and allow it to decide that claim with the guidance of appropriate instructions.
"[T]he general rule," immortalized by numerous judicial decisions, "is that the silence of a vendor with reference to facts affecting the value or desirability of the property sold cannot give rise to an action by the vendee to set aside the transaction as fraudulent." Gayne v. Smith, 104 Conn. 650, 652,134 A. 2 (1926). See Duksa v. City of Middletown, 173 Conn. 124,127, 376 A.2d 1099 (1977), and cases cited therein. This is the time-honored doctrine of caveat emptor writ large. The doctrine found its full flowering in a much-cited statement by a Victorian jurist, uttered at the height of unimpeded robber baron capitalism, that, "Mere nondisclosure of material facts, however morally censurable . . . would in my opinion form no ground for an action in the nature of an action for misrepresentation." Peek v.Gurney, 6 L.R. — E. I. App. 377, 403 (H.L. 1873) (Cairns, L.). Given this rule, Professor Haskell pithily said that, "[O]ur law offers greater protection to the purchaser of a . . . dog leash than it does to the purchaser of a . . . house." Paul G. Haskell,The Case for an Implied Warranty of Quality in Sales of RealProperty, 53 GEORGETOWN L. J. 633,633 (1965). In an infamous decision, the Supreme Judicial Court of Massachusetts held that the owner of a house that he knows to be infested with termites can sell it to an ignorant buyer and go on his way rejoicing.Swinton v. Whitinsville Sav. Bank, 42 N.E.2d 808 (Mass. 1942). Prosser and Keeton pronounce this decision to be "singularly unappetizing." PROSSER AND KEETON ON THE LAW OF TORTS 738 (5th
ed. 1984) ("PROSSER AND KEETON").
The law in this area has not, however, stood still. The harshness of the general rule "has been mitigated by limitations and exceptions that have gone a long way toward swallowing up the rule — but not yet all the way." 2 FOWLER V. HARPER, FLEMING JAMES, JR. OSCAR S. GRAY, THE LAW OF TORTS 471 (2d ed. 1986). CT Page 4580 The most prominent exception "is that if the defendant does speak, he must disclose enough to keep his words from being misleading." PROSSER AND KEETON, supra, at 738. Our Supreme Court has explained that, if a vendor chooses to speak, "he must make a full and fair disclosure as to the matters about which he assumes to speak." Franchey v. Hannes, 152 Conn. 372, 379, 207 A.2d 268
(1965). Thus, in the extremely analogous case of Wedig v.Brinster, 1 Conn. App. 123, 469 A.2d 783 (1983), cert. denied,192 Conn. 803, 472 A.2d 1284 (1984), the Appellate Court held that when a vendor of a house chose to assure a vendee that the septic system was "okay," he "had an affirmative duty to disclose the septic system problems." 1 Conn. App. at 130.
The Robinsons, as mentioned, allege in their complaint that on August 11, 1994, Gary Robinson specifically asked Carolla about leakage and water problems in various locations including the septic system and was told that there were no leakage problems of any kind with regard to those locations. Under these circumstances, the challenged allegation that "the defendants had a duty to disclose based upon the effect of [the] grading and drainage upon the basement and septic system, of which the plaintiffs had inquired" states a cognizable legal claim under Connecticut law.
A second exception to the general rule of caveat emptor is also important in this case. Our Supreme Court stated in Gayne v.Smith, supra, that, "A vendor of property may not do anything to conceal from the vendee a material fact affecting it."104 Conn. at 652. A comparable exception appears in RESTATEMENT (SECOND) OF TORTS § 551(2)(e). See Mallon Oil Co. v. Bowen/Edwards Associates,Inc., 965 P.2d 105, 111 (Colo. 1998). See generally Johnson v.Davis, 480 So.2d 625, 628-29 (Fla. 1985), and authorities cited therein. Other jurisdictions have famously applied this exception well beyond the confines of the present case. In Reed v. King,193 Cal.Rptr. 130 (Cal.Ct.App. 1983), the California Court of Appeal imposed a duty on the seller of a house to disclose that a multiple murder had occurred on the site ten years earlier. And, in what is surely an extreme case, the Appellate Division of the New York Supreme Court imposed a duty on a seller of a house reportedly possessed by poltergeists to disclose that haunting fact. Stambovsky v. Ackley, 572 N.Y.S.2d 672 (N.Y.App.Div. 199 1).
The merits of the "psychological impact" authorities just cited are plainly debatable. Their impact in Connecticut has been CT Page 4581 statutorily limited by our celebrated "ghostbuster" law. Conn. Gen. Stat. § 20-329dd. The present case, however, involves the physical rather than psychological malfunctioning of a house and falls well within the mainstream of the law. The proper functioning of a septic system is obviously central to the value and livability of a house. The Appellate Court recognized this fact in Wedig v. Brinster, supra. Similarly, leakage in a basement is widely considered to be a material fact in the purchase of a home. The plaintiffs have alleged facts which, if believed, could lead a reasonable jury to conclude that material facts involving the septic system of the house they purchased were not disclosed. Their complaint safely survives a motion to strike.
The motion to strike is denied.
Jon C. Blue Judge of the Superior Court