[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case involves claimed fraudulent misrepresentations or nondisclosures made in connection with the purchase of residential real estate located on 57 Yankee Hollow Road, Milford. Connecticut. The plaintiffs purchased the residence from the defendants on or about January 18, 1996. It is the claim of the plaintiffs that prior to the purchase of the property they were assured that there were "no water problems" by the defendant sellers but that within a month after the closing there was considerable rain which caused surface flooding of the back yard and alongside the house as well as going through the breeze way and the front of the garage. Subsequently the plaintiff William McGovern discovered the presence of a drain along the driveway which ran from the side of the driveway out to the street. A neighbor and adjoining property owner, Leonard Napoli, testified CT Page 6247 as to the location of another drain serving the Napoli property and the now-plaintiff's property which served to drain surface water from the two properties and which drain Napoli and the defendant's prior owner installed some time before the defendant Frank Piselli purchased the property. Also, the garage floor shown in photographs, Plaintiff's Ex. 6, (7) and (8) appears elevated, done presumably to keep water out according to testimony of McGovern. There appears little question that the property was subject to surface flooding from all of the photographs taken by the plaintiff unless proper drainage facilities were in place and functioning properly. Obviously from the photographs introduced in evidence which were taken by the plaintiffs at various times following their acquisition of the property, such was not the case as they demonstrated considerable flooding.
It is the claim of the plaintiffs that they had a special concern for "water problems" in connection with any home they were about to purchase for their residence. Both plaintiffs testified that shortly before they entered into negotiations for the purchase of the property from the defendants, they had entered into an agreement for the purchase of another house and discovered that that house had evidence of water problems and because of their concerns they rescinded the agreement to purchase and resumed their search for another residence. It appears that they were thus sensitized to the effect of water in and about any home they might purchase and they, according to the testimony of a number of witnesses, made their concerns apparent to the sellers.
The plaintiffs testified that they looked over the property with the defendant Frank Piselli and the only drain mentioned was the drain from an eaves trough to a dry well next to the garage or breeze way as shown in Plaintiff's Ex. 6-25 and 62 as well as other photographs.
The plaintiff William McGovern told Frank Piselli that he didn't want any water problems and Piselli replied that their were never any water problems. Piselli's wife Maureen later in the company of McGovern and his wife Dolores confirmed this in a conversation in the Piselli's kitchen prior to the plaintiff's purchase of the property. Frank Piselli in effect told the McGoverns to "trust me" on this representation. This concern of the plaintiffs was also noted by a real estate agent, Mary Amenda, who brought the plaintiffs to the Piselli house. She testified that McGovern wanted to make sure there was no water CT Page 6248 problem and that Mr. Piselli said there was no problem and Mrs. Piselli agreed. It seems more than abundantly established that the plaintiffs had a special concern about "water problems" as related to any house they contemplated purchasing and they made that fact known to the defendants herein.
The plaintiffs have brought this action for damages based upon in the first count misrepresentation and in the second count claiming unjust enrichment because the defendants were aware of the problems later to be experienced by the plaintiffs but nonetheless allowed the plaintiffs to proceed to expend $220,000 for the purchase thereof and have failed to compensate the plaintiffs in order to remedy the defects.
The defendants assert that they are not liable for any damages as the plaintiffs had an ample opportunity to check out the property before they purchased it. They also before the closing signed a disclosure statement that they inspected the property and were taking the property "as is" (Plaintiff's Ex. 5). The same disclosure statement it is noted as executed and signed by the defendants made note of the fact that the sellers
were not aware of any drainage or flooding problems. (see paragraph 5-Ex. 5). The sellers further claim that the buyers construction activities after they purchased the property resulted in the crushing of underground drainage pipes and resultant flooding. The court finds no credible support for such a conclusion.
Concerning the plaintiffs' claim of fraudulent misrepresentation, it is required that a claim of damages arising from such an assertion establish proof of the following:
(1) was there a false representation made as a statement of fact,
(2) that the person or persons making it knew it was untrue.
(3) that it was made to induce the other party to act upon it, and
(4) that the latter party did so act upon it to his or their injury.
In Franchey v. Hannes, 152 Conn. 372, 379 where the sellers sold to the buyers a residence with sewer system problems, the court noted that once a vendor assumes to speak "he must make a full and fair disclosure as to the matters about which he assumes to speak". He must then avoid a deliberate nondisclosure. A CT Page 6249 vendor of property may not do anything to conceal from the vendee a material fact affecting it, or say or do anything to divert or forestall an intended inquiry by him or deliberately hide defects for, in so doing, he is not merely remaining silent. but taking active steps to mislead. See Egan v. Hudson Nut Products,142 Conn. 344, 348. For similar holdings on similar fact situations, see Wedig v. Brinster, 1 Conn. App. 123 and Miller v. Appleby,183 Conn. 51.
The court concludes that the plaintiff has demonstrated by clear and convincing evidence that the elements of fraudulent misrepresentation have been established and that the defendants are liable for the damages sustained by the plaintiffs.
The plaintiffs have offered proof of damages through estimates of costs to install drainage to eliminate the surface flooding and recontour the topography as well as "before and after" values of the real estate. See Plaintiff's Ex. 8, 9 and also 10 for money expended to try to clear a drain previously installed on the property.
Eric Glidden, a real estate appraiser of some 18 years experience, testified that the water problems experienced by the plaintiffs diminished the value of the property from the present value of $225,000 to $180,000, a loss of $45,000. The plaintiffs paid $220,000 for the property and the court concludes the loss to the plaintiffs to be $40,000 as a result of the misrepresentations of the defendants. Having established the allegations of their complaint, the plaintiffs are entitled to attorney's fees and costs as claimed in the complaint. See Browerv. Perkins, 135 Conn. 675, 681. Counsel for the plaintiff has submitted under date of April 1, 1998 an affidavit concerning counsel fees in the amount of $6,888.80 which the court finds to be reasonable as well as a bill of costs in the total amount of $3,177.70.
Accordingly, the court finds that the plaintiffs are entitled to recover of the defendants the sum of $40,000 damages as well as counsel fees and costs as previously referred to.
George W. Ripley Judge Trial Referee