Sylvester TRAYLOR, Plaintiff,

v.

Bassam AWWA, Donald Leone, City of New London, Richard Blumenthal, Connecticut Behavioral Health Associates, P.C., Joseph D'Alesio, Michael L. Regan, Lawrence J. Tytla, Philip Fazzino, Robert Galvin, Connecticut Medical Insurance Company, Robert Knowles, Neil Knowles, Defendants.

Civil No. 3:11cv00132(AWT).

United States District Court, D. Connecticut.

Sept. 26, 2012.

Sylvester Traylor, Quaker Hill, CT, pro se.

Jeffrey C. Pingpank, Kay A. Williams, Cooney, Scully & Dowling, Hartford, CT, for Defendants.

### RULING ON MOTION TO DISMISS

ALVIN W. THOMPSON, District Judge.

The Third Amended Complaint (Doc. No. 62) ("Complaint"), which is the opera-

tive complaint, asserts various state and federal causes of action against eleven defendants, including Connecticut Medical Insurance Company ("CMIC").

Plaintiff Sylvester Traylor ("Traylor") asserts claims for Denial of Accommodation in violation of Conn. Gen.Stat. § 46a–64(a)(1), (2) (Count One); Discriminatory Practice (Count Two); Retaliation Practice (Count Three); Negligent Misrepresentation (Count Four); Negligent Action (Count Five); Reckless Infliction of Emotional Distress (Count Six); violation of Due Process pursuant to 42 U.S.C. § 1983 (Count Seven); violation of Equal Protection pursuant to 42 U.S.C. § 1983 (Count Eight); unconstitutional application of Conn. Gen.Stat. § 51–88(d) (Count Nine); unconstitutional application of Conn. Gen. Stat. § 52–190a (Count Ten); Spoliation and Destruction of Evidence (Count Eleven); violation of the Civil RICO Act, 18 U.S.C. §§ 1961–1963 (the "RICO Act") (Count Twelve); Fraud by Concealment (Count Thirteen); Breach of Oath in violation of Conn. Gen.Stat. § 1–25, the Connecticut Constitution, and the Connecticut Judicial Code of Conduct (Count Fourteen); and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. §§ 42–110a et *seq.* ("CUTPA") (Count Fifteen). CMIC moves to dismiss the claims asserted against it, i.e. Counts One, Four, Five, Six, Seven, Eight, Eleven, Twelve, Thirteen and Fifteen.[1]

## I. Factual Allegations

The plaintiff contends that his rights have been violated in connection with the death of his wife, the late Mrs. Roberta Mae Traylor, and the underlying lawsuits he had filed against her treating physicians, among others. Traylor alleges that

prior to his wife's death on March 1, 2004, she was a patient of Dr. Bassam Awwa ("Awwa") and his practice group, Connecticut Behavioral Health Associates ("CBHA").

Traylor has filed a number of lawsuits against various defendants arising out of his wife's death. Among these lawsuits was a medical malpractice action against Awwa and CBHA commenced in 2006. Awwa and CBHA were represented in that action by Attorney Donald Leone ("Leone") of Chinigo, Leone & Maruzo. That action is referred to in numerous paragraphs of the Complaint.

With regard to CMIC, the Complaint alleges that CMIC was duly authorized under Connecticut law to insure licensed doctors for medical malpractice and that it insured Awwa and CBHA. The Complaint asserts, *inter alia,* that CMIC had a duty and obligation to disclose to Traylor information regarding destruction of his late wife's medical records and conspired with others to defraud Traylor and deny him his civil rights.

## II. Legal Standard

■ When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

---

**1.** In deference to the plaintiff's *pro se* status, the court has reviewed Counts Two, Three, Nine, Ten, and Fourteen and determined that the plaintiff does not plead in any of them facts regarding the actions or conduct of CMIC.

555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955 (internal quotation marks omitted)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. 1955. "The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Mytych v. May Dept. Stores Co.,* 34 F.Supp.2d 130, 131 (D.Conn.1999), *quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn.1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683).

In its review of a motion to dismiss for failure to state a claim, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

▬ When considering the sufficiency of the allegations in a *pro se* complaint, the court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Branham v. Meachum,* 77 F.3d 626, 628–29 (2d Cir.1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994).

### III. Discussion

#### A. Count One: Denial of Accommodation in Violation of Conn. Gen. Stat. § 46a–64(a)(1) and (2)

▬ CMIC argues that Count One should be dismissed because Conn. Gen. Stat. § 46a–64 does not provide a private cause of action and, further, because CMIC is not a place of public accommodation and therefore not subject to § 46a–64(a). Section 46a–64(a)(1) and(2) provide that:

> (a) It shall be a discriminatory practice in violation of this section: (1) To deny any person within the jurisdiction of this state full and equal accommodations in any place of public accommodation, resort or amusement because of race, creed, color, national origin, ancestry, sex, gender identity or expression, marital status, age, lawful source of income, intellectual disability, mental disability or physical disability, including, but not limited to, blindness or deafness of the applicant, subject only to the conditions and limitations established by law and applicable alike to all persons; (2) to discriminate, segregate or separate on account of race, creed, color, national origin, ancestry, sex, gender identity or expression, marital status, age, lawful source of income, intellectual disability,

mental disability, learning disability or physical disability, including, but not limited to, blindness or deafness;.... Conn. Gen.Stat. § 46a–64. In addition, § 46a–64(c) provides that "[a]ny person who violates any provision of this section shall be fined not less than twenty-five dollars or more than one hundred dollars or imprisoned not more than thirty days, or both." Conn. Gen.Stat. § 46a–64(c).[2]

Although no Connecticut appellate court has ruled on whether § 46a–64(a) creates a private cause of action, decisions by the Connecticut Superior Courts have uniformly concluded that there is no private cause of action available under § 46a–64(a). *See Smith v. New Horizon Computer,* No. CV084026134S, 2009 WL 862749, at *2, n. 4 (Conn.Super.Ct. Mar. 10, 2009) (Section 46a–64a "was meant only to be enforced through fines or imprisonment, ... Connecticut's public accommodation statute does not provide for either an express, or implied, private cause of action under § 46a–64(a)(1) and (2)"); *Batiste v. Soundview Med. Assoc., LLC,* No. CV065001278, 2008 WL 1105247, at *5 (Conn.Super.Ct. Mar. 25, 2008) (Section 46a–64 "has been found to be penal in nature on several occasions and not to afford a private right of action"); *McPhail v. City of Milford,* No. 054506S, 1999 WL 126796, at *3 (Conn.Super.Ct. Feb. 25,

1999) (Sections 46a–64(a)(1) and 46a–64(a)(2) "have been found to be penal in nature and not to afford a private cause of action"); *.Wright v. City of Hartford,* No. CV370570863S, 1998 WL 83670, at *3 (Conn.Super.Ct. Feb. 13, 1998) ("There is no statutory authorization to bring private actions based on a violation of" § 46a–64(a)(1) or (2)).[3] In light of the provisions of § 46a–64(c), the court finds the rationale of these decisions persuasive. Because there is no private cause of action available under § 46a–64(a), Count One does not state a claim upon which relief can be granted. Therefore, Count One is being dismissed as to CMIC.[4]

### B. Count Four: Negligent Misrepresentation

█ Count Four asserts that all the defendants in .this action, including· CMIC, intentionally, knowingly, or recklessly disregarded discovery orders and federal and state law. To state a claim of negligent misrepresentation, the plaintiff must allege "(1) that the defendant made a misrepresentation of fact (2) that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Centimark Corp. v. Village Manor Assoc. Ltd. P'ship,*

---

**2.** Conn. Gen.Stat. § 46a–64(c) was recently amended. Effective October 1, 2012, § 46a–64(c) is to provide that "[a]ny person who violates any provision of this section shall be guilty of a class D misdemeanor." 2012 Conn. Legis. Serv. P.A. 12–80 (H.B.5145) (West).

**3.** The issue of whether § 46a–64 creates a private cause of action was also considered in *Collins v. Univ. of Bridgeport,* 781 F.Supp.2d 59, 65 (D.Conn.2011). However, no conclusion was reached on the issue in that case because the plaintiff's claims under § 46a–64 were dismissed on other grounds.

**4.** In any event, Count One should be dismissed as to CMIC because the Complaint does not allege any facts that could show that CMIC is a "place of public accommodation" under § 46a–64(a). "Place of public accommodation" is defined to mean "any establishment which caters or offers its services or facilities or goods to the general public...." Conn. Gen.Stat. § 46a–63. As alleged in the Complaint, CMIC is "duly an authorized company under the laws of the State of Connecticut to insure licensed doctors for medical malpractice." (Compl. ¶ 111.) Thus, CMIC does not cater to the general public and so is not subject to § 46a–64.

113 Conn.App. 509, 518, 967 A.2d 550 (2009) (quoting *Nazami v. Patrons Mutual Ins. Co.*, 280 Conn. 619, 626, 910 A.2d 209 (2006)). The Complaint does not contain any factual allegations that could establish that any of the defendants made a misrepresentation of fact or that Traylor reasonably relied on any such misrepresentation. Therefore, Count Four fails to state a claim upon which relief can be granted and is being dismissed as to CMIC.

### C. Count Five: Negligence

Count Five asserts that all the defendants in this action, including CMIC, negligently failed to follow procedures to protect Traylor's rights, failed to enforce discovery orders, and created a false sense of justice for Traylor. The Complaint alleges that CMIC "had the duty and obligation to disclose to the Plaintiff that they were aware of the fact that the Defendants, Bassam Awwa, M.D., and Connecticut Behavioral Health Associates P.C.[,] had destroyed the Plaintiff's wife's medical records." (Compl. ¶ 112.)

■ "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury. . . ." *Murdock v. Croughwell*, 268 Conn. 559, 566, 848 A.2d 363 (2004) (internal quotations omitted). The Complaint fails to allege facts sufficient to establish the element of duty. While the Complaint alleges that CMIC owed Traylor a duty to disclose information, the Complaint does not allege any relationship between CMIC and Traylor that would give rise to such a duty. The Complaint alleges that CMIC insured Awwa and CBHA, that Awwa treated Traylor's late wife, and that Awwa had permission to discuss with Traylor his wife's condition. However, none of these facts could create a duty on the part of CMIC to disclose information to Traylor

or give rise to a duty to protect Traylor's rights or enforce discovery orders. Therefore, the plaintiff has not stated a claim for negligence against CMIC, and Count Five is being dismissed with respect to CMIC.

### D. Count Six: Reckless Infliction of Emotional Distress

■ In Count Six, Traylor asserts a claim for "reckless" infliction of emotional distress. Although "Connecticut courts have not conclusively determined whether a separate cause of action exists under Connecticut law for reckless infliction of emotional distress," the case law suggests that there is no such cause of action. *Zalaski v. City of Hartford*, 704 F.Supp.2d 159, 176 (D.Conn.2010) (dismissing a claim for reckless infliction of emotional distress); *see also Montanaro v. Baron*, CV065006991, 2008 WL 1798528, at *4 (Conn.Super.Ct. Mar. 28, 2008) ("although the [Connecticut] appellate courts have not directly addressed whether there is a distinct cause of action for reckless infliction of emotional distress, they have often implied that there is not"). Rather, a claim for reckless infliction of emotional distress is encompassed within a claim for intentional infliction of emotional distress. *See Zalaski*, 704 F.Supp.2d at 176.

■ In addition to arguing that Count Six should be dismissed because there is no cause of action under Connecticut law for reckless infliction of emotional distress, CMIC argues that Count Six should be dismissed even if construed as a claim for intentional infliction of emotional distress. The four elements of a claim for intentional infliction of emotional distress under Connecticut law are: "(1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defen-

dant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe...." *Carrol v. Allstate Ins. Co.*, 262 Conn. 433, 443, 815 A.2d 119 (2003). Conduct is extreme and outrageous if it "go[es] beyond all possible bounds of decency, and [is] regarded as atrocious, and utterly intolerable in a civilized community." *Id.* The Complaint does not contain any factual allegations that could establish that any defendant intentionally or knowingly inflicted emotional distress upon the plaintiff, nor that any defendant engaged in any conduct that could be considered extreme and outrageous. Therefore, Count Six fails to state a claim for intentional infliction of emotional distress against any defendant.

■■■ Even if Count Six is construed as a claim for negligent infliction of emotional distress, it still fails to state a claim upon which relief can be granted.. To establish a claim of negligent infliction of emotional distress, the plaintiff must allege "that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily harm." *Id.* at 446, 815 A.2d 119 (internal quotation marks omitted). The Complaint fails to allege conduct by any defendant that involved such an unreasonable risk. Therefore, the Complaint fails to state a claim for negligent infliction of emotional distress.

Accordingly, Count Six is being dismissed as to CMIC.

### E. Counts Seven and Eight: 42 U.S.C. § 1983

■■■ Counts Seven and Eight assert that Traylor's Due Process and Equal Protection rights were violated. CMIC argues that Counts Seven and Eight must be dismissed because the Complaint fails to allege that CMIC was acting under color of state law. Section 1983 provides, in relevant part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "In order to state a claim under § 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law." *Ciambriello v. County of Nassau*, 292 F.3d 307, 323 (2d Cir.2002). The Complaint fails to allege facts that could establish that CMIC is a state actor or acted under color of state law. Therefore, Counts Seven and Eight are being dismissed with respect to CMIC.

### F. Count Eleven: Spoliation and Destruction of Evidence

■■■ Count Eleven asserts that all the defendants in this action, including CMIC, intentionally spoliated evidence and that Traylor was prejudiced by the spoliation. "[T]he tort of intentional spoliation of evidence consists of the following essential elements: (1) the defendant's knowledge of a pending or impending civil action involving the plaintiff; (2) the defendant's destruction of evidence; (3) in bad faith, that is, with intent to deprive the plaintiff of his cause of action; (4) the plaintiff's inability to establish a prima facie case without the spoliated evidence; and (5) damages." *Rizzuto v. Davidson Ladders, Inc.*, 280 Conn. 225, 244–45, 905 A.2d 1165 (2006).

Applying the less stringent standards applied to a *pro se* complaint and interpreting the plaintiff's complaint to raise the strongest arguments it suggests, the court finds that the plaintiff has alleged facts that could establish the five elements of intentional spoliation with respect to CMIC. That CMIC knew of a pending or impending civil action involving the plaintiff could be inferred from the allegation that CMIC hired Leone's firm to destroy evidence. (*See* Compl. ¶¶ 307–08 (alleging that CMIC hired Leone to represent Awwa and CBHA because of Leone and/or his firm's "past spoliation practices" and that CMIC seeks legal representation for cases where CMIC's clients "ha[ve] to destroy evidence").) That CMIC destroyed evidence—and did so in bad faith—could be established by allegations that CMIC sought assistance from Leone and his law firm in destroying records and that Leone did so. (*See* Compl. ¶¶ 307–08; ¶ 281 (alleging that CMIC conspired with Leone to conceal medical records); ¶ 52 (alleging that Leone "aided and abetted" Awwa and CBHA in spoliating evidence); ¶ 17 (alleging that notes and an initial medical evaluation were destroyed to deprive the Plaintiff of evidence to support his case).) That the plaintiff is unable to establish a prima facie case without the spoliated evidence could be established by the allegation that the plaintiff's late wife's medical records were "vital" to his case against Awwa and CBHA. (*See* Compl. ¶ 17.) Finally, that the plaintiff suffered damages could be established by allegations that the plaintiff's underlying case against Awwa and CBHA was impaired and that he incurred additional expenses relating to that case due to the spoliation. (*See* Compl. ¶ 273.)

Thus, the plaintiff has stated a claim for intentional spoliation of evidence upon which relief may be granted. Therefore, CMIC's motion to dismiss Count Eleven is being denied.

### G. Count Twelve: Violation of the Federal RICO Act, 18 U.S.C. § 1961 *et seq.*

Count Twelve asserts a claim that CMIC, along with other defendants, violated the RICO Act. To state a civil claim under the RICO Act, the plaintiff must allege: "(1) a violation of the RICO statute, 18 U.S.C. § 1962; (2) an injury to business or property; and (3) that the injury was caused by the violation of Section 1962." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir.2008) (internal quotations omitted). To allege a violation of the RICO statute, the plaintiff must allege in addition: "(1) that the defendant (2) through the commission of two or more acts (3) constituting a 'pattern' (4) of 'racketeering activity' (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an 'enterprise' (7) the activities of which affect interstate or foreign commerce." *Moss v. Morgan Stanley Inc.*, 719 F.2d 5, 17 (2d Cir.1983) (*citing* 18 U.S.C. § 1962(a)–(c)). The Complaint fails to allege conduct that could constitute racketeering activity, as defined in 18 U.S.C. § 1961. Therefore, Count Twelve fails to state a claim upon which relief can be granted, and it is being dismissed as to CMIC.

### H. Count Thirteen: Fraud by Concealment

Count Thirteen asserts that CMIC conspired with Awwa and Leone to willfully and maliciously conceal Traylor's late's medical records. Count Thirteen purports to make a claim for fraud by concealment. However, under Connecticut law, there is no cause of action for fraud by concealment. CMIC construes Count Thirteen as both a claim for fraudulent concealment of a cause of action in

violation of Conn. Gen.Stat. § 52–595 and a claim for fraud. CMIC argues that the Count should be dismissed in either event.

■ Section 52–595 provides:

If any person, liable to an action by another, fraudulently conceals from him the existence of the cause of such action, such cause of action shall be deemed to accrue against such person so liable therefor at the time when the person entitled to sue thereon first discovers its existence.

Conn. Gen.Stat. § 52–595. "The only remedy under General Statutes § 52–595 is a tolling of the relevant statute of limitations until the 'time when the person entitled to sue thereon first discovers its existence.'" *Campbell v. Town of Plymouth,* 74 Conn. App. 67, 83 n. 9, 811 A.2d 243 (2002). Conn. Gen. Stat § 52–595 "does not create a cause of action." *Baldwin v. Vill. Walk Condo., Inc.,* No. FSTCV085007925S, 2010 WL 5095319, at *13 (Conn.Super.Ct. Nov. 19, 2010).

■ Even if Count Thirteen is construed as a claim for fraud, that claim fails. Typically, "[t]he elements of a fraud action are: (1) a false representation was made as a statement of fact; (2) the statement was untrue and known to be so by its maker; (3) the statement was made with the intent of inducing reliance thereon; and (4) the other party relied on the statement to his detriment." *Weinstein v. Weinstein,* 275 Conn. 671, 685, 882 A.2d 53 (2005). Under exceptional circumstances, however, a claim for fraud can be made by alleging silence rather than a false statement if there is "a failure to disclose known facts and . . . a request or an occasion or a circumstance which imposes a duty to speak." *Egan v. Hudson Nut Products,* 142 Conn. 344, 347, 114 A.2d 213 (1955). Claims of fraud must "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). The Complaint does not contain factual

allegations that are sufficient to meet the requirements of Rule 9(b) regarding a misrepresentation of fact or duty to disclose information on the part of CMIC.

Because there is no private cause of action available under § 52–595 and the Complaint does not sufficiently allege a claim of fraud, Count Thirteen does not state a claim upon which relief can be granted as to any defendant. Therefore, Count Thirteen is being dismissed with respect to CMIC.

## I. Count Fifteen: Violation of the Connecticut Unfair Trade Practices Act ("CUTPA")

Count Fifteen is a CUTPA claim. CUTPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42–110b. The Complaint contains the following factual allegations regarding CMIC that are relevant to the CUTPA claim:

- "At all relevant times mentioned herein, the Defendant, CONNECTICUT MEDICAL INSURANCE COMPANY, was duly an authorized company under the laws of the State of Connecticut to insure licensed doctors for medical malpractice." (Compl. ¶ 111.)
- "On December 27, 2005, the Defendants, Bassam Awwa M.D. and Connecticut Behavioral Health Associates P.C. renewed its insurance claims with the Defendant, Connecticut Medical Insurance Company which is retroactive dated March 1, 1992." (Compl. ¶ 115.)
- ". . . Connecticut Medical Insurance Company requested ATTORNEY DONALD LEONE of CHINIGO LEONE & MARUZO LLP to represent the above Defendants Dr. Awwa and 'CBHA' because of their spoliation past practice." (Compl. ¶ 307.)

● "... Connecticut Medical Insurance Company are seeking out law firms who will defend cases where their client [the Insurer] has to destroy evidence ..." (Compl. ¶ 308.)

The Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen.Stat. § 38a–815 *et seq.*, prohibits unfair or deceptive acts in the business of insurance. CUIPA does not provide a private cause of action.

> Courts have repeatedly held that no private right of action exists under CUIPA. In *Lander v. Hartford Life & Annuity Insurance Co.*, 251 F.3d 101 (2d Cir. 2001) the court held that '[m]ost federal and Connecticut state courts have determined that the Connecticut Unfair Insurance Practices Act ... does not provide a private cause of action.' *Id.* at 118–19. Furthermore, "[t]he Connecticut Supreme Court characterized CUIPA as a penal statute requiring a construction 'limiting rather than expanding civil liability'-further supporting the proposition that no private cause of action is available under the statute." *Glynn v. Bankers Life and Casualty Co.*, 297 F.Supp.2d 424, 431 (D.Conn. 2003).

*DeRossi v. Nat'l Loss Mgmt.*, 328 F.Supp.2d 283, 288 (D.Conn.2004).

■ Although CUIPA does not provide a private cause of action, a plaintiff may bring a CUTPA claim for an alleged violation of CUIPA. *See Exantus v. Metropolitan Property & Cas. Ins. Co.*, 582 F.Supp.2d 239, 249 (D.Conn.2008) ("It is possible ... to bring a CUIPA claim through the private right of action conferred by CUTPA"); *Acker v. Am. Sec. Ins. Corp.*, 3:10–CV1070, 2010 WL 5376253, at *2 (D.Conn. Dec. 22, 2010) (citing *Mead v. Burns,* 199 Conn. 651, 509 A.2d 11 (1986)). "In order to sustain a CUIPA cause of action under CUTPA, a plaintiff must allege conduct that is proscribed by CUIPA." *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 625, 910 A.2d 209 (2006). An act or practice is prohibited under CUIPA if it is "any trade practice which is defined in section 38a–816 as, or determined pursuant to sections 38a–817 and 38a–818 to be, an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Conn. Gen.Stat. Ann. § 38a–815.

■ Where the defendant is an insurer who has been accused of violating CUTPA through an unfair claim settlement practice, as defined in Conn. Gen.Stat. § 38a–816(6), the plaintiff must allege that the "defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice." *Quimby v. Kimberly Clark Corp.*, 28 Conn. App. 660, 672, 613 A.2d 838 (1992).

■ Applying the less stringent standards applied to a *pro se* complaint and interpreting the plaintiff's complaint to raise the strongest arguments it suggests, the court construes the Complaint as alleging that CMIC has a practice of seeking out law firms who will defend cases where an insurer plans to destroy evidence, and that CMIC hired Leone's firm because his firm had destroyed evidence in prior cases. Such factual allegations describe at least three unfair claim settlement practices defined in § 38a–816(6): "[m]isrepresenting pertinent facts or insurance policy provisions relating to coverages at issue," § 38a–816(6)(A); "refusing to pay claims without conducting a reasonable investigation based upon all available information," § 38a–816(6)(D); and "not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," § 38a–816(6)(F).

CMIC contends that "[t]he plaintiff's allegation that CMIC hires attorneys that destroy evidence is nothing but pure fanta-

sy on the part of the plaintiff." (Mem. in Supp. of Mot. to Dismiss (Doc. No. 69) at 24.) However, when deciding a motion to dismiss, under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint "even if doubtful in fact." *Iqbal*, 556 U.S. at 696, 129 S.Ct. 1937 (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

Therefore, the plaintiff has stated a claim upon which relief may be granted, and the motion to dismiss is being denied as to Count Fifteen with respect to CMIC.

## IV. Conclusion

The Motion to Dismiss (Doc. No. 68) is hereby GRANTED in part and DENIED in part. Counts One, Four, Five, Six, Seven, Eight, Twelve, and Thirteen are dismissed as to Connecticut Medical Insurance Company, but the motion is denied as to Counts Eleven and Fifteen.

It is so ordered.