16-1302-cv
*Zito v. United Technologies Corporation, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

Present:
> AMALYA L. KEARSE,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

———————————————————————

VINCENT ZITO, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant*,

v.                                                          16-1302

UNITED TECHNOLOGIES CORPORATION, UTC FIRE & SECURITY CORPORATION, WALTER KIDDE PORTABLE EQUIPMENT, INC., DBA KIDDE SAFETY, KIDDE FIRE SAFETY,

*Defendants-Appellees*.

———————————————————————

For Plaintiff-Appellant:          SAMUEL ISSACHAROFF, New York, New York; Marc R. Stanley, Martin Woodward, Stanley Law Group, Dallas, Texas; Alinor C. Sterling, William M. Bloss,

1

Koskoff, Koskoff & Bieder, P.C., Bridgeport, Connecticut.

For Defendants-Appellees: CLIFTON SCOTT ELGARTEN, Scott L. Winkelman, Rebecca Baden Chaney, Crowell & Moring LLP, Washington, D.C.

**UPON DUE CONSIDERATION WHEREOF IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Vincent Zito appeals from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*), entered on March 31, 2016, dismissing his proposed class-action complaint for failing to state a claim upon which relief could be granted. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

## I.    Background

Zito bought from Home Depot a "smoke alarm" allegedly manufactured by Kidde Safety ("Kidde")[1] and the Defendants-Appellees.   Smoke alarms sold in the United States primarily use ionization and/or photoelectric technology.   The Kidde smoke alarm at issue uses ionization technology.   Ionization technology detects smoke from fast-burning home fires faster than photoelectric technology.   Photoelectric technology detects smoke from smoldering home fires faster than ionization technology.   Zito claims that the smoke alarm's manufacturer, Kidde, misled consumers because the alarm is labeled a "smoke alarm" and information about the differences between ionization and photoelectric technology appears in small print on the bottom of the package.   Zito brought suit in the District of Connecticut claiming that the Defendants-Appellees violated the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn.

---

[1]  Walter Kidde Portable Equipment, Inc., does business as "Kidde Safety."

Gen. Stat. § 42-110a *et seq.*, breached the implied warranty of merchantability, and committed fraud.

The district court concluded that Zito failed to state a claim and dismissed his complaint. The court held that Zito's complaint lacked any plausible allegation that the manufacturer made a deceptive statement. The alarm detected smoke, as its name suggested. Just because it "may not detect smoke from smoldering fires as quickly" as a photoelectric smoke alarm, "the defendants' failure to elaborate on this fact on the front of the package d[id] not render use of the term 'smoke alarm' deceptive." J.A. 45. And even if the term "smoke alarm" were somehow misleading, the Defendants-Appellees' disclosure on the bottom of the package would inform a reasonable consumer. The disclosure explained the differences between photoelectric and ionization technology, identified the smoke alarm as an ionization smoke alarm, and recommended use of both technologies in the home. We review de novo the district court's grant of the motion to dismiss. *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans, Inc.*, 810 F.3d 861, 865 (2d Cir. 2015).

## II. Discussion

### A. CUTPA Claims

CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen. Stat. § 42-110b(a). CUTPA claims can be based on either an "actual deceptive practice" or an unfair practice—that is, a "practice amounting to a violation of public policy." *Ulbrich v. Groth*, 78 A.3d 76, 100 (Conn. 2013) (quoting *Harris v. Bradley Mem'l Hosp. & Health Ctr., Inc.*, 994 A.2d 153, 173 (Conn. 2010)). An act or practice is actually deceptive under CUTPA when it involves "a representation, omission, or other practice likely to mislead consumers"; (2)

3

the consumers "interpret the message reasonably under the circumstances"; and (3) "the misleading representation, omission, or practice [is] material—that is, likely to affect consumer decisions or conduct." *Smithfield Assocs., LLC v. Tolland Bank*, 860 A.2d 738, 749 (Conn. App. Ct. 2004) (quoting *Miller v. Guimaraes*, 829 A.2d 422, 434 (Conn. App. Ct. 2003)); *see also Caldor, Inc. v. Heslin*, 577 A.2d 1009, 1013 (Conn. 1990). Zito claims that Kidde engaged in "actually deceptive" conduct by labeling the smoke alarm as a "smoke alarm" when it was slower than other smoke alarms at detecting smoke from smoldering fires. But, as the district court determined, calling the product a "smoke alarm" was unlikely to mislead consumers since the product did indeed detect smoke. *Cf. Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) ("It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."). Zito did not plausibly allege facts suggesting that the Kidde smoke alarm does not detect smoke.

Zito next argues that he successfully raised a claim for unfair conduct under CUTPA. To state an unfairness claim under CUTPA, a plaintiff must plausibly allege the elements of the "cigarette rule," which has courts consider "(1) [w]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]." *Ulbrich*, 78 A.3d at 100 (quoting *Harris*, 994 A.2d at 173). To be "substantial," an injury must "not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." *A-G Foods, Inc. v.*

4

*Pepperidge Farm, Inc.*, 579 A.2d 69, 77 (Conn. 1990) (internal quotation marks and emphasis omitted). "All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." *Ulbrich*, 78 A.3d at 100 (quoting *Harris*, 994 A.2d at 173).

In an effort to allege that Kidde "offend[ed] public policy," Zito cites to the Consumer Product Safety Commission's ("CPSC") policy on the effective presentation of safety and hazard information and the Federal Trade Commission's ("FTC") "Policy Statement on Deception." The CPSC recommends that safety and hazard information be placed in a location on instructional documents where a consumer is likely to see it. This statement, however, which applies specifically to product instructions, not product labels,[2] is merely non-binding guidance. Zito cites no Connecticut authority holding that disregarding such a statement (even assuming that such disregard is adequately alleged) is sufficient to meet the first prong of the "cigarette rule." As to the FTC's policy statement, it states that "label disclosures" will "not necessarily correct a deceptive representation or omission" in an advertisement.[3] But as the district court concluded, Zito failed plausibly to allege a deceptive representation or omission. Moreover, because Zito similarly relies on nonexistent allegations of misrepresentation and deception to support his claim that the Defendants-Appellees' actions were "immoral, unethical, oppressive, or unscrupulous," Zito has also failed plausibly to allege facts supporting the second prong of the "cigarette rule." Finally, as to the third prong, though Zito may have pled that his injury was substantial, *see Langan*, 95 F. Supp. 3d at 290, he failed to allege anything about countervailing

[2] *See* U.S. Consumer Product Safety Commission, Manufacturer's Guide to Developing Consumer Product Instructions 45 (Oct. 2003), https://www.cpsc.gov/PageFiles/103077/guide.pdf (last visited Nov. 16, 2016).

[3] FTC Policy Statement on Deception 4 (Oct. 14, 1983), https://www.ftc.gov/system/files/documents/public_statements/410531/831014deceptionstmt.pdf.

benefits or that a reasonable consumer could not have avoided the injury. In sum, because Zito failed adequately to allege a plausible basis for concluding that any of the three prongs of the "cigarette rule" were satisfied, the district court did not err in dismissing Zito's CUTPA unfairness claim.

## B. Breach of the Implied Warranty of Merchantability

To be "merchantable" under Connecticut law, goods must "pass without objection in the trade under the contract description," be "fit for the ordinary purposes for which such goods are used," and "run, within the variations permitted by the agreement, of even kind, quality and quantity." Conn. Gen. Stat. § 42a-2-314(2). Under this definition, "if the product conforms to the quality of other brands on the market, it will normally be merchantable." *Standard Structural Steel Co. v. Bethlehem Steel Corp.*, 597 F. Supp. 164, 188 (D. Conn. 1984) (quoting James J. White & Robert Summers, *Uniform Commercial Code* 353 (2d ed. 1980)). "[A] product may fall 'considerably short of perfection,' and yet be merchantable." *Id.*

Zito alleged in his complaint that 95 percent of the smoke alarms sold in America are ionization smoke alarms. This fact alone strongly undercuts Zito's claim, here, that the Kidde smoke alarm is not merchantable because it uses ionization technology. In addition, Zito does not dispute that the Kidde smoke alarm meets the standards of national smoke alarm testing authorities. For these reasons and for substantially the additional reasons stated by the district court, we conclude that Zito failed to state a claim for breach of the implied warranty of merchantability.

## C. Fraud

The essential elements of fraud are: "(1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the party making it; (3) it was made to

6

induce the other party to act upon it; and (4) the other party did so act upon that false representation to his injury."[4] *Weisman v. Kaspar*, 661 A.2d 530, 533 (Conn. 1995). "Fraud by nondisclosure, which expands on the first three of [the] four elements [of fraud], involves the failure to make a full and fair disclosure of known facts connected with a matter about which a party has assumed to speak, under circumstances in which there is a duty to speak." *Reville v. Reville*, 93 A.3d 1076, 1087 (Conn. 2014) (quoting *Gelinas v. Gelinas*, 522 A.2d 295, 298 (Conn. App. Ct.), *cert. denied*, 525 A.2d 965 (Conn. 1987), *overruled on other grounds by Billington v. Billington*, 595 A.2d 1377 (Conn. 1991)). A duty to disclose is imposed when a seller deliberately hides defects or conceals a material fact from a buyer. *Egan v. Hudson Nut Prods.*, 114 A.2d 213, 215 (Conn. 1955).

We agree with the district court that Zito did not plausibly allege any false statement in his class action complaint nor any basis for inferring fraudulent intent. The Kidde smoke alarm does detect smoke. Nor has Zito plausibly alleged that Kidde deliberately hid a defect or concealed a material fact from buyers. Here, the alleged hidden defects or concealed material facts are supposedly (1) that the smoke alarm does not use photoelectric technology and (2) that consumers should use both types of technology. But Kidde stated on the packaging that (1) the smoke alarm did not use photoelectric technology and that (2) usage of both types of technology was "strongly recommend[ed]." Thus, we agree with the district court that Zito failed to state a claim for fraud or fraud by nondisclosure.

---

[4] Zito originally brought a claim for fraudulent concealment. Because no such claim exists under Connecticut law, we, like the district court, analyze Zito's claim as a fraud claim.

**III.    Conclusion**

We have considered Zito's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk